I dissent. See my dissent in United States v Care, 18 USCMA 535, 40 CMR 247.

UNITED STATES, Appellee

v

CLIFTON A. POINTER, JR., Boilerman Fireman Apprentice, U.S. Navy, Appellant

18 USCMA 587, 40 CMR 299

No. 22,217

September 19, 1969

*Commander E. M. Fulton, Jr.,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Captain Patricia A. Murphy,* USMC, was on the pleadings for Appellee, United States.

### Opinion of the Court

QUINN, Chief Judge:

Before a special court-martial convened at Long Beach, California, the accused pleaded guilty to an unauthorized absence for a period of forty-eight days. During the sentence proceedings he testified in his own behalf. He indicated he had departed the Naval station without authority to find his pregnant wife who had summarily left him. When his wife returned to California and gave birth to his child, he returned to the service. He maintained his marriage was not "working out" and that the Navy, in which he had served since 1965, was the "only thing . . . [he had] left." It was his "real desire" to remain in the Navy and, if he did, he would like overseas duty. The court imposed a sentence extending to a bad-conduct discharge.

We granted review to determine whether the accused was denied the effective assistance of counsel as to the sentence. References in the convening authority's action indicate the accused served in Vietnam and is the recipient of a letter of commendation as a member of the crew of the U. S. S. NAVASOTA. Neither of these matters was presented to the court members. In a substantially similar case, we held that the accused's Vietnam service and awards could have materially influenced the court members not to impose a bad-conduct discharge and, therefore, the failure of defense counsel to inform the court members of these matters denied the accused effective representation to that extent. United States v Rowe, 18 USCMA 54, 39 CMR 54.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy for reference to the Court of Military Review. In its discretion, the Court of Military Review may redetermine the sentence without including a punitive discharge, or direct a rehearing of the sentence by a court-martial.

Judge FERGUSON concurs.

DARDEN, Judge (dissenting):

For an accused who had three special courts-martial for unauthorized absence within a period of slightly more than one year, the court adjudged a bad-conduct discharge, confinement at hard labor for three months, less than one-half pay as forfeitures, and no reduction in grade. The supervisory authority suspended the bad-conduct discharge.

Because I doubt that the court would have reduced the sentence if it had known that a ship of which the accused was a crew member participated in naval operations off the coast of Vietnam and that the ship was commended for this service, I would affirm the findings and sentence as approved on review below. United States v McAlister, 18 USCMA 532, 40 CMR 244, dissenting opinion.