UNITED STATES, Appellee

v

CARL E. BROOKS, Seaman Recruit,
U. S. Navy, Appellant

19 USCMA 35, 41 CMR 35

No. 22,091

October 17, 1969

*Captain Jeffery W. Maurer,* USMC, was on the pleadings for Appellant, Accused.

*Captain Lester G. Fant, III,* USMCR, was on the pleadings for Appellee, United States.

Opinion of the Court

DARDEN, Judge:

Consonant with his plea, a special court-martial found the accused guilty of five unauthorized absences and two breaches of restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively. He was

sentenced to a bad-conduct discharge, forfeiture of $90.00 per month for four months, and confinement at hard labor for the same period. Both findings and punishment have remained unchanged throughout appellate review. We have the case to consider the providence of the guilty plea and whether the accused was deprived of effective assistance of counsel in regard to the sentence.

The president of this special court-martial accepted the plea of guilty after first determining ▇▇▇▇ that the accused was aware of the nature of the offenses and that he admitted every act charged. Before this time, he had delineated each charge and every specification involved in this case. He expressly determined that accused understood the nature of the plea; that he was entitled to enter a not guilty plea, thereby placing the burden of proof upon the Government; that he understood the maximum sentence imposable; that he was not under influence or pressure and that his plea was voluntary and in his best interest; and that he had a right to present evidence and to testify as a witness. The president did not itemize the elements of every offense charged. In this instance, however, his incomplete questioning is not fatal. Considering the record as a whole, we are satisfied that the accused knew what he was pleading guilty to and what acts constituted the offenses charged.

A copy of the charge sheet was handed to Brooks at the beginning of trial. The offenses involved are simple in nature. His record of prior convictions that was admitted into evidence included a series of past unauthorized absences and breach of restriction. His present trial is not a novelty; he cannot claim unfamiliarity with the type of offenses now before us. Finally, his written unsworn statement in mitigation is hardly a disclaimer of guilt, for in it he asks that the Navy give him another chance. For these reasons we conclude that the whole record shows the guilty plea to be provident. United States v Care, 18 USCMA 535, 40 CMR 247.

The remaining question arises because the staff legal officer's post-trial review indicates that ▇▇▇▇ Brooks is authorized to wear both the Vietnam Service Medal and the Vietnam Campaign Medal. Defense counsel had not made this fact known at trial. The president of the court, therefore, did not pinpoint the information in his sentencing instructions. This instructional omission has in the past brought reversal of sentences, for the court might not have approved a punitive discharge had they known these facts. United States v Rowe, 18 USCMA 54, 39 CMR 54; United States v Pointer, 18 USCMA 587, 40 CMR 299; United States v Anderson, 19 USCMA 8, 41 CMR 8. Although I took the contrary view in those cases, the law on this point is now well set by these authorities. On that basis. I agree that the above precedents control here.

Accordingly, the decision of the board of review as to the sentence is reversed. A rehearing thereon may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.