458

UNITED STATES

v.

Private (E-1) Charles H. GOINS, Jr., 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, US Army, Company B, 9th Engineer Battalion (Combat), APO 09162.

SPCM 11526.

U. S. Army Court of Military Review.

11 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Peter V. Train, JAGC; CPT Robert D. Jones, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Regis J. McCoy, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

PER CURIAM:

The appellant, at trial by special court-martial, pleaded guilty and was convicted of a violation of one charge and five specifications of dishonorable failure to maintain sufficient funds to cover written checks; an additional charge and its specification of dishonorable failure to pay a debt and one charge and an additional charge and their specifications to obey a lawful order in violation of Articles 134 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 934 and 892. He received the sentence outlined above.

The appellant through counsel asserts that his plea of guilty to the Charge and its specifications dealing with his failure to maintain sufficient bank funds to cover written checks was improvident because the military judge failed to clarify inconsistent statements made by the appellant during the providency inquiry and thereby erred in accepting a plea of guilty. They argue that the record of trial raises substantial doubt as to whether, in fact, appellant's failure to maintain sufficient funds in his account was dishonorable.

Before accepting the plea, the military judge and the accused engaged in the following colloquy:

"MJ: Can you tell me how much money you used to keep in that bank account?

ACC: I couldn't tell you right off hand, Your Honor.

MJ: To the best of your recollection. What do you think the balance in your account generally was?

(The accused consults with defense counsel.)

ACC: When I had my account down there I wasn't keeping too good a records [sic] on my account and I messed my records up."

The military judge, sensing a problem of a lack of understanding by the appellant of the substantive elements of the offenses, continued as follows:

"MJ: Would it be fair to describe your dishonorable failure to maintain sufficient funds in your American Express Bank account as intentional on your part?

ACC: No, Your Honor. . . . When I started writing them checks I didn't know how much I had in there because I wasn't keeping a record of it.

MJ: Right.

ACC: And I was keeping a record of some of them but not all of them.

MJ: Well, would it be fair to describe your conduct then by keeping track of some of your—part of your account and not keeping track of other portions of it that you had a grossly indifferent attitude towards your personal banking or you had a reckless indifference towards your personal banking? Would it be fair to describe it that way?

ACC: Yes, Your Honor."

The offense of dishonorable failure to maintain sufficient funds for payment of checks upon presentment "requires proof that accused's nonfeasance was characterized by deceit, evasion, false promises or other distinctly culpable circumstances, indicating a grossly indifferent attitude towards one's just obligations." *United States v. Richardson*, 15 U.S.C.M.A. 400, 35 C.M.R. 372 (1965). Simple negligence, inadvertence or indifference in failing to maintain sufficient funds in one's account is not an offense under military law. *United States v. Downard*, 6 U.S.C.M.A. 538, 20 C.M.R. 254 (1955). *See also, United States v. Groom*, 12 U.S.C.M.A. 11, 30 C.M.R. 11 (1960).

When a trial judge conducts an inquiry into the factual basis underlying the accused's plea of guilty, "the inquiry cannot be couched in terms which elicit from an accused's acknowledgment of guilt in terms of legal conclusions . . . but rather the questions must elicit facts from which the judge can conclude that the legal standard . . . exists." *United States v. Michener*, 46 C.M.R. 427 (A.C.M.R.1972).

In the instant case, we hold that the military judge elicited hardly more than a mere legal conclusion and did not establish the requisite underlying facts to support the charge that appellant was acting dishonorably when he failed to maintain sufficient funds to cover written checks. We reach the same conclusion regarding the providency of the plea to the Additional Charge II alleging dishonorable failure to pay a debt owed Tyrrell Jewelers Inc.

Accordingly, the findings of guilty of Charge I and its specifications and Additional Charge II and its specification are set aside and the charges are dismissed. The remaining findings of guilty are affirmed.

Reassessing the sentence on the basis of the above-indicated errors and the entire record, the Court affirms only so much of

the sentence as provides for confinement at hard labor for six months and forfeiture of $150.00 pay per month for six months.

CARNE, Senior Judge, and MITCHELL and MOUNTS, Appellate Military Judges, concur.