**UNITED STATES, Appellee,**

v.

**Private (E–1) David J. AKIN, SSN 382–50–3217, United States Army, Appellant.**

**CM 439507.**

U. S. Army Court of Military Review.

29 Aug. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Gary D. Gray, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Kenneth H. Clevenger, JAGC, and Major Douglas P. Franklin, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted by a general court–martial of perjury, in violation of Article 131, Uniform Code of Military Justice, 10 U.S.C. § 931 (1976). The convening authority approved his sentence to a bad–conduct discharge, confinement at hard labor for nine months, and total forfeitures.*

The charges were based on the appellant's testimony at a previous trial in which he pleaded guilty, and after findings falsely testified that he had served as a member of

---

* The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

an elite Navy unit in Vietnam for two years, had been captured and held as a prisoner of war for three months, and had participated in a mass escape from a prisoner of war camp. The appellant now contends that his plea of guilty to perjury was improvident because he did not admit during the providency inquiry that his false testimony related to a "material matter." Manual for Courts–Martial, United States, 1969 (Revised edition), paragraph 210.

In this case the military judge properly explained the elements of the offense of perjury and the legal effects of a plea of guilty, and then questioned the accused about the offense. The appellant admitted giving false testimony under oath at his previous trial in the hope that it would favorably influence the court members to adjudge a more lenient sentence. When the military judge asked him if he believed that the testimony was "material," the following colloquy ensued:

MJ: All right. And one of the elements of this offense is: That, this testimony must have been on a material matter. Have you discussed that element with your attorney?

ACC: As far as material matter, sir; the only thing that I know that my attorney and myself discussed, was the fact being that this was said to be of influence to the court on what type of punishment I would be given, as far as the adjudication of the trial.

MJ: Okay. Do you believe it was?

ACC: I believe it would've had some affect on it, sir.

MJ: Well, is that the purpose for–is that why you gave this testimony?

(The accused made no immediate response)

MJ: I mean, did you think that it might influence the court to be more lenient in adjudging a sentence?

ACC: To be fully honest, sir, I don't know. I know I was scared; I was upset. I was worried–and maybe, yeah–maybe I did say it because I was hoping that somebody would look at it and say: 'Well, maybe we'll give him a break.' I know now that it was wrong, but at that time I was under pressure—and people that I cared for–and I'd already said it. So I wasn't able to go back and say: 'Well, I was wrong.'

MJ: Well, do you believe that it was, in fact, material in your trial?

ACC: I think, sir, that if it was, it was considered with everything else. I don't know whether or not it was that great of a matter. In my opinion, I don't know; I'm not sure of that.

The military judge then ruled that the testimony was material as a matter of law. After again reviewing the elements of the offense, the military judge asked the appellant, "Are you, then, in your own mind, guilty of this offense?" The appellant responded, "Yes, sir, I am."

The question whether testimony relates to a material matter is a question of law, not fact. *Sinclair v. United States,* 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1928); *United States v. Martin,* 23 C.M.R. 437 (A.B.R.), *pet. denied,* 23 C.M.R. 421 (C.M.A. 1957). The test for determining materiality is whether the perjured evidence could have influenced the tribunal, not whether it actually did influence them. *United States v. Moye,* 14 C.M.R. 720 (A.B.R.), *pet. denied,* 15 C.M.R. 431 (C.M.A.1954).

In addition to explaining the elements of the offense and the legal effects of a plea of guilty, a military judge is required to question an accused to establish on the record that there is a sound factual basis for the plea of guilty. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). It is unnecessary to require the accused to explain how he thinks his conduct fits the legal standard for determining criminality. *See United States v. Arrington,* 5 M.J. 756 (A.C.M.R.1978). However, the trial judge's questions must elicit facts from which he can conclude that the accused's acts meet the legal standard for determining criminality. *United States v. Goins,* 2 M.J. 458 (A.C.M.R.1975); *United States v. Michener,* 46 C.M.R. 427 (A.C.M.R. 1972). In this case the trial judge fully inquired into the facts establishing the ma-

teriality of the appellant's perjured testimony.

Although the appellant unequivocally admitted that his perjured testimony was calculated to influence the sentence at his previous trial, he was reluctant to admit that it actually influenced it. However, he persisted in his plea after the military judge ruled that such testimony was "material" as a matter of law. His statements contain nothing inconsistent with his admission that his perjured testimony pertained to a material matter, *i. e.*, the adjudication of an appropriate sentence. We do not believe that his equivocation about the actual impact of his perjured testimony is in "substantial conflict" with his plea of guilty. *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973). Accordingly, we hold that the military judge adequately inquired into the factual basis for the plea and correctly accepted the plea in spite of appellant's equivocation about the impact of his perjured testimony.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.