# UNITED STATES

### v.

**Airman Basic Jo Ann CLEERE, FR 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, United States Air Force.**

### ACM S25122.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Oct. 1980.

Decided 24 April 1981.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain G. Michael Lennon.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Charged with absence without leave (AWOL) and breach of restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934, the accused pled guilty and was subsequently sentenced to a bad conduct discharge and confinement at hard labor for three months. Due to deficiencies in the guilty plea inquiry, mandated by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), we must set aside the findings of guilty and the sentence.

In Charge I and its specification, the accused was charged with AWOL from her *place of duty*. However, in advising her of the elements of the charged offense, the military judge erroneously listed the elements of the offense of absence from her *organization*. Subsequent questions established a provident plea to the latter offense, but it was not the one with which she was charged or of which she stands convicted. We have no assurance from what the accused said during the plea inquiry that she knew what offense she was pleading guilty to, and what acts constituted the offense charged. *See, United States v. Brooks*, 19 U.S.C.M.A. 35, 36, 41 C.M.R. 35, 36 (1969).

In Charge II and its specification, the military judge correctly listed the elements of breach of restriction, but failed to elicit facts from the accused which would support a conclusion that she was duly placed under restriction by proper authority; that she had not yet been set at liberty by proper authority; or that she went beyond the limits of the restriction. The mere legal conclusion of the accused that she "broke restriction" is insufficient. *See, United States v. Michener*, 46 C.M.R. 427 (A.C.M.R.1972), pet. denied 46 C.M.R. 1324 (1972).

The findings of guilty and the sentence are incorrect in law and are set aside.* A rehearing is ordered.

ARROWOOD, Senior Judge, and MILLER, Judge, concur.

---

* Counsel, as well as judges, must assume responsibility for the adequacy of the guilty plea inquiry. Trial counsel should "protect the record" by speaking up if the plea inquiry appears inadequate; defense counsel should insure that he does not enter an unsupported plea of guilty on behalf of his client.