**UNITED STATES**

v.

**Airman Basic Michael A. ARMSTRONG, FR 330–54–0453 United States Air Force.**

**ACM S25130.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 Sept. 1980.

Decided 4 June 1981.

---

2. This conclusion is buttressed by the affidavit of the conveying authority, note 1, *supra*.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Frederick J. Sujat, Jr., USAFR.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Appellate defense counsel contend that the accused's plea of guilty was improvident because he never admitted that his conduct was to the prejudice of good order and discipline, or of a nature to bring discredit upon the armed forces. Disagreeing on the facts and the law, we affirm.

During the providency inquiry, the military judge listed *all* of the elements of the offense of receiving stolen property, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C § 934, including the alternatives under the first two clauses, that the accused's conduct was "to the prejudice of good order and discipline in the armed forces" or "of a nature to bring discredit upon the armed forces." The accused acknowledged understanding the elements of the offense, and that his plea of guilty admitted they were correct. Furthermore, he admitted that the elements, as correctly listed by the military judge, were true.

■ The origin of the defense contention is a subsequent colloquy, during the military judge's detailed inquiry into the facts of the offense:

> MJ: And do you agree that your conduct in purchasing this equipment was to the prejudice of good order and discipline in the Armed Forces or was of a nature to bring discredit upon the Armed Forces?
>
> ACC: Actually, sir, the intent wasn't to discredit the Air Force, it was more or less personal temptation of myself.

At the outset, it should be observed that the accused's statement was non-responsive to the military judge's question, and that the military judge did not press for a responsive reply. Nonetheless, we find nothing inconsistent in the accused's statement with his earlier admission of that element of the offense. In the context of the entire inquiry, we view the accused's statement as an expansion upon his earlier admission, to the effect that "while I *did* discredit the armed forces, I didn't intend to." Such lack of intent might have a mitigating effect if presented during the sentencing portion of the trial, but it has no impact upon the providency of the guilty plea. There is no requirement under Article 134 that the accused specifically intend his conduct, neglects, or disorders to be service discrediting or prejudicial to good order and discipline.

■ Prior to accepting a plea of guilty, the military judge must, *inter alia*, delineate the elements of the offense for the accused, *United States v. Carter*, 42 C.M.R. 898 (A.C.M.R. 1970), and must elicit facts from the accused supporting each element of the offense. *United States v. Hibbard*, 13 C.M.R. 492 (A.B.R. 1953). *See e. g.*, *United States v. Cleere*, 11 M.J. 596 (A.F.C.M.R. 1981).

■ In regard to the element of discredit to the armed forces, or prejudice to good order and discipline, it is not required that the military judge elicit from the accused his opinion as to the manner of discredit or prejudice. *United States v. Arrington*, 5 M.J. 756 (A.C.M.R. 1978). It is sufficient that the facts developed by the accused support such a conclusion and that the accused himself believes the facts and believes that he is guilty. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. King*, 6 M.J. 927 (A.F.C.M.R. 1979); *United States v. Bazan*, 7 M.J. 694 (N.C.M.R.1979).[1]

■ In view of the circumstances related by the accused concerning the other elements of the offense, we have no difficulty in concluding that the accused's conduct was directly and palpably prejudicial to good order and discipline in the armed forces. Thus, it is unnecessary to determine the service discrediting impact of such conduct, if any. *United States v. Caballero*, 23 U.S.C.M.A. 304, 305, 49 C.M.R. 594, 595 (1975).[2]

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.

---

1. Indeed, an accused might providently persist in his plea of guilty despite misgivings as to the discrediting or prejudicial effect of his conduct, if he acquiesces in the military judge's determination that his admitted conduct was, as a matter of law service discrediting or prejudicial to good order and discipline. *See, United States v. Akin*, 9 M.J. 886, 888 (A.C.M.R. 1980).

2. Normally, as in this case, the extent and manner of discredit or prejudice is readily apparent from the nature of the accused's acts comprising the remaining elements of the offense. *But, cf., United States v. Elmore*, 19 C.M.R. 545 (N.B.R. 1955).