UNITED STATES, Appellee,

v.

Private El Jerry J. DUVAL, Jr., 266–27–7119, United States Army, Appellant.

ACMR 8903543.

U.S. Army Court of Military Review.

30 Aug. 1990.

For Appellant: Captain Jeffrey J. Fleming, JAGC, Captain Michael J. Berrigan, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Captain Gary A. Khalil, JAGC (on brief).

Before FOREMAN, JOHNSON and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of uttering bad checks with intent to defraud and dishonorable failure to pay a just debt, in violation of Articles 123a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 923a and 934 (1982). The military judge sentenced the appellant to a bad-conduct discharge, confinement for 10 months, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority reduced the confinement to nine months.

The appellant contends that his plea of guilty to dishonorable failure to pay a just debt was improvident because of the military judge's failure to define "dishonorable" and the lack of a factual predicate for the plea. During the plea inquiry the military judge recited the elements of the offense but did not define "dishonorable." In response to questioning by the military judge, the appellant admitted that he owed the Army and Air Force Exchange Service (AAFES) $91.50 and that payments were due on 6 September 1989 and 6 October 1989. The following discussion ensued:

MJ: And you didn't pay them anything?

ACC: I did pay them after the—

MJ: Well, you didn't pay it on 6 October?

ACC: No, Your Honor.

MJ: You paid it after that?

ACC: Yes, Your Honor.

MJ: You knew you were supposed to pay it on the 6th of September and the 6th of October?

ACC: Yes, Your Honor.

MJ: But you didn't pay it them?

ACC: No, Your Honor.

MJ: And you knew it was still due and payable on the 6th of October, didn't you?

ACC: Yes, Your Honor.

MJ: So you dishonorably failed to pay this debt, is that correct?

ACC: Yes, Your Honor.

The stipulation of fact simply recites: "Furthermore, on 6 October 1989, the accused failed to pay a debt of $50.00 that had become due and payable to the AAFES Clothing Sales Store for items purchased. The accused [sic] failure to pay the debt he owed was dishonorable."

During the sentencing hearing the appellant made an unsworn statement. Asked to comment on the debt to AAFES, the appellant stated: "I missed the payments. After a period they sent me letters, but I didn't have the money during that time. And as soon as I got the money, a payday, I went and paid them, I paid all of it."

We find that the plea inquiry was deficient in two respects. First, the military judge failed to elicit a sufficient factual predicate for the plea. Second, the military judge failed to resolve an inconsistency between the appellant's unsworn statement and the plea of guilty.

■ It is not sufficient to secure an accused's acknowledgment of guilt in terms of legal conclusions. The military judge must ask questions which elicit facts from which the military judge can conclude that the legal standard has been met. *United States v. Goins*, 2 M.J. 458 (A.C.M.R.1975), citing *United States v. Michener*, 46 C.M.R. 427 (A.C.M.R.1972). In the case before us, the appellant merely agreed with the military judge that his conduct was "dishonorable."

The mere failure to pay a debt does not make the nonpayment dishonorable. *United States v. Cummins*, 26 C.M.R. 449 (C.M.A.1958). To be dishonorable, the nonpayment "must be characterized by deceit, evasion, false promises or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude toward one's just obligations." Manual for Courts–Martial, 1984, Part IV, paragraph 71c; *United States v. Kirksey*, 20 C.M.R. 272 (C.M.A.1955). In this case, the military judge elicited no facts indicating deceit, evasion or false promises, deliberate nonpayment, or grossly indifferent attitude either at the time the debt was contracted or when payment was due.

■ The appellant asserted during the sentencing hearing that he was financially unable to pay the debt and that he paid it on payday as soon as he had the money. Inability to pay a debt contracted without wrongful intention, is a defense to a charge of dishonorable failure to pay. *United States v. Savinovich*, 25 M.J. 905 (A.C.M.R.1988), citing *United States v. Stevenson*, 30 C.M.R. 769 (A.F.B.R.1960) and *United States v. White*, 25 C.M.R. 733 (N.B.R. 1957). When the appellant made statements inconsistent with his plea of guilty, the military judge was obligated to make further inquiry into the providence of the plea, and if the statements were not withdrawn, to enter a plea of not guilty. *United States v. Schneiderman*, 31 C.M.R. 80 (C.M.A.1961); *United States v. Smith*, 1 M.J. 703 (A.F.C.M.R.1975).

■ Because the military judge failed to elicit a sufficient factual predicate for the plea of guilty and failed to resolve the appellant's assertion of matters inconsistent with his plea of guilty, *i.e.*, inability to pay the debt, we hold that the appellant's plea of guilty was improvident. Although we could authorize a rehearing to cure the error, we believe that judicial economy will be better served by dismissing Charge III and its Specification and reassessing the sentence. The findings of guilty of Charge III and its Specification are set aside. Charge III and its Specification are dismissed. The remaining findings of guilty are affirmed. On the basis of the entire record and the error noted, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for eight months, and forfeiture of all pay and allowances.

Judge JOHNSON and Judge HAGAN concur.