**UNITED STATES, Appellee,**

v.

**Private E2 John L. RIDGEWAY,
102–58–9032, United States
Army, Appellant.**

**ACMR 9002368.**

U.S. Army Court of Military Review.

23 April 1991.

Released for Publication on
31 May 1991.

For Appellant: Captain Brian D. Bailey, JAGC, Captain James M. Heaton, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

### MEMORANDUM OPINION

PER CURIAM:

The appellant was tried by a general court-martial composed of officer members at Hanau and Butzbach, Federal Republic of Germany. Consistent with his pleas, he was convicted of larceny, wrongful appropriation, false swearing (two specifications), and making and uttering worthless checks by dishonorably failing to maintain sufficient funds in his checking account (twenty-three specifications), in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934. The members sentenced the appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, a fine of $1500.00 (with additional confinement for one year if the fine was not paid by 12 April 1991), and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence, but reduced the period of confinement to thirty-nine months, and disapproved the fine.

The appellant contends that his guilty pleas to Charge III and its Specifications (dishonorable failure to maintain sufficient funds for payment of checks) are improvident. We agree.

During the providence inquiry, the military judge defined "dishonorable failure" as "a failure which is either fraudulent or deceitful, involves a willful evasion,

is based on false promises, etcetera."[1] The element of "dishonorable failure" was never again discussed with the appellant. An eight page, single-spaced, stipulation of fact that devotes five and one-quarter pages to Charge III and its Specifications contains no reference to the element of "dishonorable failure" nor does the stipulation ever use such terminology in any way, shape, or form.[2]

■ The providence inquiry reveals that the appellant thought he would have enough money in his checking account to cover the checks, and that while he was writing the checks he was having pay problems. The appellant stated: On 2 February 1990, he opened a direct-deposit checking account with five dollars. The account carried a $300.00 line of credit. Other than the opening deposit, he personally made no other deposits in the account. He did, however, expect that a direct deposit of approximately $1,138.00 (an amount consisting of his monthly pay plus recovery of an earlier disputed finance deduction), would be made to the account that month.[3] This deposit was never made. He did not inquire whether his expected direct deposits were in fact made because his work schedule prevented him from going to the bank. The appellant did make one pay inquiry; however, shortly after that he was sent to the field. He was in the field from 1 March to 5 April 1990. He wrote twenty-two checks on his checking account from 2 February to 1 March 1990. On 19 March 1990, while in the field, he wrote another check. The appellant was unaware of any bad checks until he returned from the field. He attributed this unawareness to the fact that he had not received some of his monthly leave and earnings statements.

In sum, the appellant told the military judge that he thought the money would be in his checking account and that his pay problems would be resolved. In conclusory fashion, the appellant did admit to the military judge that he failed to maintain sufficient funds; that he had written "rubber checks"; that he had not been justified in writing those checks; and, that he failed to keep track of the total dollar amount of the checks he wrote.

The twenty-three checks that the appellant made and uttered totaled $1,368.83. The appellant's statements show that he believed that he would receive $1,138.00 in direct deposits during the month of February 1990. These funds coupled with the $300.00 line of credit exceed the cumulative dollar amount designated on the checks written from 2 February to 19 March 1990.

In this case the military judge did not resolve the inconsistencies between the appellant's providence inquiry statements and

---

1. Under the circumstances of this case, this definition is incomplete as the "etcetera" remark was substituted for "made in bad faith" or "indication of a grossly indifferent attitude toward the status of one's bank account and just obligations." The Military Judges' Benchbook, in a note, cautions "[t]he accused must have had a 'criminal mind' in the sense that he/she must have had a *grossly indifferent attitude toward the state of his/her bank account* and his/her just obligations to be guilty of this offense. The military judge should, therefore, be alert to evidence inconsistent with such 'criminal mind,' such as a redemption or an attempt to redeem worthless checks, an accord with the payee, or a mistake as to the balance of the account." Dep't of the Army, Pam. 27–9, Military Judges' Benchbook, para. 3–134(b) note (1 May 1982) [hereinafter Benchbook] (emphasis added). We commend to all military judges the practice of avoiding the use of the term "etcetera" when defining elements of offenses during providence inquiries or when instructing members on findings and sentence.

2. Rather than repeating a condensed version of each specification of Charge III, the parties would have been better served by a stipulation of fact setting out the common elements of the offense at issue followed by a listing of the check numbers, the corresponding dates and amounts of the checks, and their respective payees. A paragraph or two factually explaining in plain English why and how the appellant's failure was dishonorable (based on the Benchbook's definition of the element of dishonorable failure) would in all likelihood have been more beneficial to the court members, the military judge, and this court. This probably could have all been accomplished in a one to one-and-one-half-page stipulation of fact.

3. The appellant had recently completed the advanced individual training portion of his basic training and arrived in Germany when he opened his checking account. His pay status in December 1989, January 1990, and February 1990, was no pay due.

the required "criminal state of mind" for this offense. *See United States v. Duval,* 31 M.J. 650 (A.C.M.R.1990); *United States v. Goins,* 2 M.J. 458 (A.C.M.R.1975). As a result, the findings of guilty of Charge III and its Specifications must be set aside. *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969). In the interest of judicial economy, we will dismiss Charge III and its Specifications.

The findings of guilty of Charge III and its Specifications are set aside and Charge III and its Specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to Private E1.[4]

---

**4.** *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986).