**UNITED STATES, Appellee,**

v.

**Private E2 Anthony B. TENK, 595–38–6952, United States Army, Appellant.**

**ACMR 9100594.**

U.S. Army Court of Military Review.

19 Sept. 1991.

For Appellant: Captain James M. Heaton, JAGC, Captain Mark L. Toole, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Thomas E. Booth, JAGC, Captain Timothy W. Lucas, JAGC, Captain Gregory T. Baldwin, JAGC (on brief).

Before FOREMAN, HAESSIG and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of six specifications of writing bad checks in violation of Articles 123a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 923a and 934 (1982). The approved sentence provides for a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, reduction to the grade of Private E1, and a fine of $1000.00.

After appellant's case was submitted to us on its merits, we specified the following issue:

WHETHER THE MILITARY JUDGE ESTABLISHED A SUFFICIENT FACTUAL BASIS FOR THE ELEMENT OF DISHONORABLE CONDUCT [in failing to maintain sufficient funds for payment of checks upon presentment] BEFORE ACCEPTING APPELLANT'S PLEAS OF GUILTY TO SPECIFICATIONS 3 AND 4 OF THE CHARGE?

The appellant pleaded guilty to four specifications (Specifications 1, 2, 5, and 6) alleging a series of bad checks made and uttered between 14 November and 27 November 1990. During the plea inquiry, the appellant told the military judge that he wrote the checks in Specifications 1, 2, 5, and 6, knowing that there was no money in the account and knowing that they would not be honored on presentment, but he "continued to do it anyway."

The appellant pleaded guilty to the lesser included offenses of Specifications 3 and 4, i.e., dishonorably failing to maintain sufficient funds for payment of the checks, in violation of Article 134, Uniform Code of Military Justice. The checks described in Specifications 3 and 4 were made and uttered on 11 and 12 November 1990, prior to the checks in Specifications 1, 2, 5, and 6. The checks in all six specifications were drawn on the same bank.

Regarding the factual basis for the appellant's pleas to Specifications 3 and 4, the military judge conducted the following inquiry:

MJ: Did you write both of those checks?

ACC: Yes, sir, I did.

MJ: Did you actually present them to the payee there and receive something of value for them?

ACC: Yes, sir.

MJ: Did these checks bounce?

ACC: Yes, sir, they did.

MJ: Did you fail to maintain enough money in the bank to pay the checks?

ACC: Yes, sir, I did.

MJ: Now you heard me a while ago explain to you what a dishonorable failure is. Do you think your failure to do that was dishonorable within that definition?

ACC: Yes, sir.

MJ: You also heard me explain to you that one of the elements of this offense is your conduct be prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. Do you recall that?

ACC: Yes, sir, I do.

MJ: Do you believe your conduct fit [sic] that definition?

ACC: Yes, sir.

The stipulation of fact recites that the appellant wrote the two checks "with knowledge that he likely did not have sufficient money in his account to cover the checks and he did not take reasonable and prudent steps to determine whether the check would be payed upon presentment."

■ The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(e) [hereinafter R.C.M.], requires the military judge to determine the accuracy of the plea by "making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." The accused "must be convinced of, and able to describe all the facts necessary to establish guilt." R.C.M. 910(e) discussion. We previously have held that "[i]t is not sufficient to secure an accused's acknowledgement of guilt in terms of legal conclusions." *United States v. Duval*, 31 M.J. 650, 651 (A.C.M.R.1990). The military judge must "elicit facts from which [he] can conclude that the legal standard has been met." *Id.* The essential requirement is that the military judge require the accused to provide facts, not legal characterizations of those facts.

■ We hold that the inquiry into the factual basis for Specifications 3 and 4 was inadequate. The military judge's inquiry elicited only the appellant's agreement with two legal conclusions: (1) that his conduct was "dishonorable"; and (2) that his conduct was "prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces." The stipulation of fact establishes only simple negligence by failing to take "reasonable and prudent" steps to cover the checks. Simple negligence is not sufficient. Manual for Courts–Martial, United States, 1984, Part IV, paragraph 68c. *United States v. Goins*, 2 M.J. 458 (A.C.M.R.1975). Accordingly, we hold that the pleas of guilty to Specifications 3 and 4 were improvident.

The findings of guilty of Specifications 3 and 4 of the Charge are set aside and in the interest of judicial economy those specifications are dismissed. The remaining findings of guilty are affirmed.

Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of Private E1.