**UNITED STATES, Appellee,**

v.

**Private E1 Vada R. VINSON, 322–78–9625, United States Army, Appellant.**

**ACMR 9101243.**

U.S. Army Court of Military Review.

24 Dec. 1991.

For Appellant: Captain Lida A.S. Savonarola, JAGC, USAR, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC, Captain Gregory T. Baldwin, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

ARKOW, Judge:

A military judge[1] sitting as a special court-martial convicted appellant pursuant to his pleas of seven specifications of making and uttering worthless checks by dishonorably failing to maintain sufficient funds, and two specifications of absence without leave, in violation of Articles 134 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 886 (1982) [hereinafter UCMJ]. The military judge sentenced appellant to "a bad-conduct discharge; two months in custody with 55 day's credit for time served; in other words, an additional five days in confinement." The convening authority approved the sentence and credited the accused with 55 days confinement.[2]

Appellant contends on appeal that the military judge erred by accepting his pleas of guilty when no factual bases for the offenses were established during the prov-

---

1. The military judge was an Individual Mobilization Augmentee (IMA) on an Annual Training tour.

2. Based on our action in this case we need not address the propriety of this unusual sentence.

The maximum sentence on rehearing may well be a bad-conduct discharge and confinement for five days. This case illustrates the dangers when a military judge strays from time-tested sentencing language.

idence inquiry. We agree with respect to the worthless check specifications, but disagree as to the absence without leave specifications.

Appellant was charged with making checks with the intent to defraud in violation of Article 123a, UCMJ, 10 U.S.C. § 923a, and entered pleas of guilty to the lesser included offense of dishonorably failing to maintain sufficient funds in his checking account, due to his gross indifference, in violation of Article 134, UCMJ.[3]

■ The providence inquiry by the military judge essentially was a recitation of the elements of the offense. During the inquiry, appellant merely responded in the affirmative to every question posed to him by the military judge. With respect to the element requiring that the failure be dishonorable, appellant admitted merely to legal conclusions. The record is devoid of a discussion between the military judge and appellant as to the factual basis upon which the plea was based. Likewise, the Stipulation of Fact used to support the providence inquiry merely recites the elements of the offense and contains legal conclusions that the failure to maintain sufficient funds was dishonorable. A dishonorable failure to maintain sufficient funds for the payment of checks upon presentment "requires proof that the accused's nonfeasance was characterized by deceit, evasion, false promises, *or other distinctly culpable circumstances, indicating a grossly indifferent attitude towards one's just obligations." United States v. Richardson*, 35 C.M.R. 372 (C.M.A.1965) (emphasis added). Here, there was no showing of the circumstances surrounding the

commission of these offenses. A plea of guilty may not be accepted unless the factual circumstances revealed by the accused objectively support the plea. *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980).

Providence inquiries concerning the element of "dishonorable conduct" have been the subject of many opinions of this Court. In *United States v. Duval*, 31 M.J. 650 (A.C.M.R.1990) this Court held that it is "not sufficient to secure an accused's acknowledgment of guilt in terms of legal conclusions." *Duval* requires the judge to elicit facts which can lead to a conclusion that the legal standard has been met and that mere agreement with a military judge that conduct is "dishonorable" is not sufficient. *Id.* at 651. It has also been held by this Court that, where an accused admits to having a "grossly indifferent attitude" towards one's bank account, he is admitting to a legal conclusion rather than supplying a factual admission required to support a guilty plea. *United States v. Goins*, 2 M.J. 458 (A.C.M.R.1975). *But see United States v. Brookins*, 33 M.J. 793 (A.C.M.R.1991) (plea was provident where accused merely stated he had a grossly indifferent attitude *and* admitted he wrote numerous checks in a short period of time knowing it was in excess of his capacity to pay).

In *United States v. Tenk*, 33 M.J. 765 (A.C.M.R.1991), the military judge explained "dishonorable failure" to the accused and asked whether the accused thought his failure was "dishonorable" within that definition. The accused's af-

---

**3.** Appellant entered the following plea:

To Specifications 1, 2, 4, 6, 7, 8, and 9 of Charge I: Guilty, excepting the words, 'with the—with intent to defraud and for the procurement of an article or thing of value, wrongfully and unlawfully make to Fort Ord Exchange,' and excepting also the words, 'then knowing that he, Private Vada R. Vinson, the maker thereof, did not or would not have,' and substituting therefor respectively the words, 'make and utter to the Fort Ord Exchange,' and, 'for the purpose of goods—excuse me, for the purchase of goods and did thereafter fail to maintain.'

To the excepted words: Not Guilty.

To the substituted word and Specifications: Guilty.

To the Charge: Not Guilty, but Guilty of the lesser included offense of Article 134, making and uttering a worthless check.

To Charge II and its two Specifications: Guilty.

The plea and subsequent findings failed to indicate that appellant was pleading to a "dishonorable" failure to maintain funds. This, however, is evident from the providence inquiry. In view of the outcome of this case we need not decide whether the plea and findings were sufficient to state an offense. *See United States v. Berner*, 32 M.J. 570 (A.C.M.R.1991).

firmative response was held to be a legal conclusion. *Id.* at 767.

In this case, based on what was revealed, we find no factual basis to support the providence of the plea. We conclude the military judge's inquiry fell short of the standard expected in providence inquiries established by *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969) and must reject the plea. UCMJ art. 45(a), 10 U.S.C. § 845(a).[4]

We find the remaining assignments of error and the errors asserted personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) to be without merit.

The findings of guilty of Charge I and its specifications are set aside. The remaining findings of guilty are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on Charge I and its specifications and the sentence. If the convening authority determines that a rehearing on that charge is impracticable, he may dismiss the charge and its specifications and order a rehearing on the sentence only.

Senior Judge De GIULIO and Judge HAESSIG concur.

---

**4.** Additional doubt concerning the providence of the plea surfaced when appellant, during the sentencing portion of the trial, raised matters inconsistent with his plea. The judge failed to clarify those matters. *See* UCMJ art. 45(a); *United States v. Schneiderman*, 31 C.M.R. 80 (C.M.A.1961).