**UNITED STATES**

v.

**James E. SHIELDS, Jr., 422–90–9720, Machinery Repairman First Class (E–6), U.S. Navy.**

**NMCM 92 02732.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 Sept. 1992.

Decided 9 Dec. 1993.

LT D.P. Sheldon, JAGC, USNR, Appellate Defense Counsel.

Capt Brett D. Barkey, USMCR, Appellate Government Counsel.

Before LARSON, C.J., and WELCH and MOLLISON, JJ.

LARSON, Chief Judge:

Pursuant to his pleas, the appellant was convicted of two specifications of indecent acts with a child and one specification of indecent acts with another, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, and of sodomy, in violation of Article 125, UCMJ, 10 U.S.C. § 925. He was sentenced to confinement for 8 years, total forfeitures, reduction to pay grade E–1 and a dishonorable discharge. The convening authority approved the sentence but suspended confinement in excess of 5 years for 12 months in accordance with the pretrial agreement.

The appellant raises seven assignments of error.[1] In his second assigned

---

1. I. JURISDICTION OVER OFFENSES FROM A PRIOR ENLISTMENT CANNOT EXIST OVER A SERVICE MEMBER WHO WAS HONORABLE DISCHARGED AT THE END OF THAT ENLISTMENT.

II. THE MILITARY JUDGE INCORRECTLY RELIED UPON A STIPULATION OF FACT TO SUPPORT THE FINDINGS OF GUILTY TO APPELLANT'S PLEAS TO THE CHARGED OFFENSES.

III. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

IV. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

V. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

VI. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

VII. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES PETI-

error, he asserts that his guilty pleas were improvident because the military judge relied on a stipulation of fact (Pros. Ex. 1), to establish the factual basis for his pleas rather than elicit verbal responses from the appellant himself, citing *United States v. Sawinski*, 16 M.J. 808 (N.M.C.M.R.1983). We resolve this assigned error contrary to the appellant's position and find that the Care [2] inquiry in this case satisfied the requirements of Rule for Courts–Martial (R.C.M.) 910(e) as well as this Court's recent guidance in *United States v. Sweet*, 38 M.J. 583, (N.M.C.M.R.1993). However, the relatively brief and summary nature of the inquiry· merits further discussion.

During the inquiry, the military judge read the elements of each offense, incorporating the particularized facts alleged in the specifications, and ascertained from the appellant that he understood them and that they accurately described what he did. Record at 15–21. The appellant also responded that the facts in the stipulation of fact were true and that he understood the nature of a stipulation and voluntarily agreed to the use of its contents. Record at 13–14. The military judge also elicited from the appellant that the victim was his step-daughter for all offenses and that he committed the acts of his own free will. Record at 23. He asked no additional questions about the offenses themselves. Furthermore, the military judge did not define the term "indecent" nor did he elicit a concession from the appellant that the indecent acts with a child were committed with the specific intent to gratify his sexual desires. The stipulation of fact contains brief descriptions of the acts the appellant committed with his step-daughter, which match those alleged in the specifications. In addition, it contains a concession by the appellant that what he did was wrong and prejudicial to good order and discipline. Pros. Ex. 1. There is a concession as well that the acts were indecent but that term is only used with respect to the acts alleged in the first specification. Also, the stipulation does not specifically refer to the intent element of the offense of indecent acts with a child; however,

with reference to the first of these two offenses, the appellant stipulates that he committed it because he thought it "would be pleasing" to his step-daughter and himself.

That the acts committed by the appellant were "indecent" is an element of all indecent act offenses, which constitute three of the four offenses of which the appellant was found guilty. It is a legal term of art specifically defined in the Manual for Courts–Martial, United States, 1984, (MCM) Part IV, ¶ 90c as "that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations." That the acts were committed with the specific intent to gratify the lust of the accused, the victim or both is an element of the offense of indecent acts with a child—two of the four offenses to which the appellant pleaded guilty. MCM, Part IV, ¶ 87b.

▮▮▮ To find a plea provident, a military judge need not ascertain specific legal conclusions or terms of art from the accused on the record as long as the facts to which he admits clearly comport with those conclusions or terms. *United States v. Brookins*, 33 M.J. 793 (A.C.M.R.1991); *United States v. Hatley*, 14 M.J. 890 (N.M.C.M.R.1982). Indeed, to require an accused to merely state a legal conclusion adds little to the providence of the plea and may, if used in a summary fashion, mask an inadequate development of the underlying facts that support that conclusion. *United States v. Tenk*, 33 M.J. 765 (A.C.M.R.1991); *United States v. Armstead*, 32 M.J. 1013 (N.M.C.M.R.1991); *United States v. Duval*, 31 M.J. 650 (A.C.M.R.1990); *United States v. Cleere*, 11 M.J. 596 (A.F.C.M.R.1981). Similarly, the absence from the record of a legal definition of a legal term of art, such as "indecent,"· is not, by itself, fatal to the providence of guilty pleas, *United States v. Colley*, 29 M.J. 519 (A.C.M.R.1989), as long as the acts described by the appellant comport with the legal defi-

TIONER'S (sic) RIGHT TO AN IMPARTIAL JUDICIAL FORUM.

2. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969).

nition of that term in the Manual for Courts–Martial or other sources of legal authority.[3]

In the context in which the particular acts in this case were committed, we can readily infer the existence of the element of indecency and, despite the absence of an explanation of that term in the record, that the appellant understood it. Furthermore, although the appellant only applied the adjective "indecent" to the first of the three indecent acts offenses described in the stipulation of fact, its application to the other offenses, which involved nearly identical acts, is clear. There is simply no dispute as to the basic indecency of fondling the breasts and vagina of a 10 to 14–year–old girl by her step-father.

In a similar vein, depending on the circumstances, we may infer from the facts elicited from the accused the existence of a specific intent. *United States v. Penister,* 25 M.J. 148 (C.M.A.1987); *United States v. Butler,* 20 U.S.C.M.A. 247, 43 C.M.R. 87, 1971 WL 12724 (1971); *United States v. Brown,* 30 M.J. 907 (A.C.M.R.1990); *United States v. Wright,* 25 M.J. 827 (A.C.M.R.1988). Although, the appellant's asserted purpose in fondling his step-daughter, i.e., to "please" both of them, may not be an exact match of an intent to gratify one's sexual desires and although the appellant did not relate this purpose to the remaining indecent acts with a child offense, we cannot imagine a purpose for any of these acts upon a girl of the victim's age by her step-father other than to gratify sexual desires.[4] Although it would have been preferable to have elicited the appellant's express admission that he entertained the requisite intent when he committed the alleged acts, under the facts of this case, we find that the military judge established a minimally adequate factual basis for the appellant's guilty pleas. *United States v. Wimberly,* 20 U.S.C.M.A. 50, 42 C.M.R. 242,

1970 WL 7057 (1970); Article 45, U.C.M.J., 10 U.S.C. § 845.

The appellant's first assignment of error, in which he asserts that a prior discharge precludes court-martial jurisdiction over his person, is rejected without comment. *United States v. Clardy,* 13 M.J. 308 (C.M.A. 1982). Likewise, the remaining assignments of error have been previously decided adversely to the appellant's position and therefore lack merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf,* 35 M.J. 450 (C.M.A.1992); *United States v. Mitchell,* 37 M.J. 903 (N.M.C.M.R.1993) (en banc). Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judges WELCH and MOLLISON concur.

---

**3.** For the same reason, the military judge's failure to define another elemental term: "unnatural carnal copulation," in connection with the sodomy offense under Charge II, did not render the plea to that charge improvident. In the stipulation of fact, the appellant admitted to an act of cunnilingus, which falls within the definition of that term.

**4.** Contrast the facts in this case with those where the victim is an infant. In the latter, one could rub the genital area of the child while bathing her or him without any criminal intent and in a perfectly decent manner. Likewise, if the accused were a health care practitioner, one could not assume a criminal intent or the element "indecency" from the acts alone. In such cases, a military judge's failure to inquire into these elements might render the pleas improvident.