**UNITED STATES, Appellee,**

v.

**Kenneth E. DECKER, Jr., Aviation Machinist's Mate Airman, U.S. Navy, Appellant.**

No. 49,554.
CMR 83–2562.

U.S. Court of Military Appeals.

April 8, 1985.

For Appellant: *Major Patrick H. McGann, Jr.,* USMC, and *Lieutenant Brian M. Madden,* JAGC, USNR (on petition).

For Appellee: *Captain W.J. Hughes,* JAGC, USN, and *Major J.S. Uberman,* USMC (on petition).

*Opinion of the Court*

PER CURIAM.

In addition to other findings not pertinent to this appeal, a general court-martial found appellant guilty, pursuant to his pleas, of possessing one pound of marihuana on Naval Air Station Oceana, Virginia Beach, Virginia, on July 17, 1982 (specification 1, Charge I); introducing the same marihuana on the same date onto the same installation (specification 2, Charge I); and transferring (specifications 3–5, Charge I) and selling (specifications 7–9, Charge I) portions of this same marihuana to three different servicemembers, again on the same date and same installation. Upon approval by the convening authority of the trial results and affirmance by the Court of Military Review, we granted review of this issue:

WHETHER SPECIFICATION 1 OF CHARGE I IS MULTIPLICIOUS FOR FINDINGS WITH SPECIFICATION 2 OF CHARGE I AND WHETHER SPECIFICATION 2 OF CHARGE I IS MULTIPLICIOUS FOR FINDINGS WITH SPECIFICATIONS 3, 4, 5, 7, 8, AND 9 OF CHARGE I.

■ This Court has held that possession of a quantity of drugs is multiplicious for findings purposes with introduction of those same drugs onto a military installa-

tion. *United States v. Hendrickson*, 16 M.J. 62 (C.M.A. 1983); *United States v. Miles*, 15 M.J. 431 (C.M.A. 1983). Accordingly, we conclude that specifications 1 and 2 are multiplicious for findings.

█ We do not reach the same conclusion concerning the other specifications involved in the granted issue. Introduction of drugs onto a military installation clearly has elements different from those of sale or transfer of the same drugs, and vice versa, *cf. United States v. Zupancic*, 18 M.J. 387 (C.M.A. 1984) (introduction of drugs is separate for findings from possession of the same drugs with intent to distribute); nor are all the different elements of one fairly embraced in the specifications of the other. *See generally United States v. Baker*, 14 M.J. 361 (C.M.A. 1983). Thus, specification 2 of Charge I is not multiplicious for findings with specification 3, 4, 5, 7, 8, or 9 of Charge I.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 1 of Charge I. The finding of guilty as to that specification is set aside and that specification is dismissed. In all other respects, the decision below is affirmed.*

Judge FLETCHER did not participate.

---

* Note that there is a GCMO No. 18–83 dated August 25, 1983, and a GCMO No. 18–83 dated May 18, 1983, pertaining to this case. Also, the convening authority's action dated August 25, 1983, should state that the action of May 18, 1983, is withdrawn. A new court-martial order should be accomplished to correct these defects.