**UNITED STATES, Appellee,**

v.

**Dental Apprentice Lyndon E. JENNINGS, U.S. Navy, Appellant.**

No. 50,515.

NMCM 84–1563.

U.S. Court of Military Appeals.

July 15, 1985.

For Appellant: *Lieutenant Burke M. Wong*, JAGC, USNR and *Lieutenant Roman A. Chojnacki*, JAGC, USNR (on petition).

For Appellee: *Captain W. J. Hughes*, JAGC, USN, and *Lieutenant C.M. Fresher*, JAGC, USNR (on petition).

*Opinion of the Court*

PER CURIAM:

In this review of his special court-martial conviction on various drug-abuse specifications, appellant contends that two of these specifications are multiplicious for findings with various others and, accordingly, should be dismissed. We agree.

I

The two specifications of the Charge originally alleged that at a particular time "on board Naval Training Center, Great Lakes, Illinois," appellant both possessed with intent to distribute (specification 1 of the Charge) and distributed (specification 2 of the Charge) 4.98 grams of marihuana. Such specifications, if supported by the evidence, *see United States v. Baker*, 14 M.J. 361, 367 (C.M.A.1983), would be multiplicious for findings. *United States v. Brown*, 19 M.J. 63 (C.M.A.1984). However, during the providence inquiry, appellant revealed that the distribution actually occurred "at Lake Bluff Illinois," not on board the Naval Training Center. Nonetheless, both the wording of the specifications as originally referred and the evidence at trial support our conclusion that "both charged offenses are different aspects of a continuous course of conduct prohibited by one statutory provision," so they are multiplicious for findings. *United States v. Baker, supra* at 366, and cases cited therein. *See United States v. Zubko*, 18 M.J. 378 (C.M.A.1984) (possession and distribution are multiplicious for findings where the sole purpose of the possession was the subsequent distribution).

II

During a search of appellant's barracks room, drug-abuse paraphernalia (including a razor blade and a straw on a mirror), a measurable amount of cocaine (.22 grams), and "traces of cocaine" (residue on the razor blade and an empty cocaine wrapper) were found. This discovery led to three separate specifications. Under these facts, alleging possession of the residual "traces of cocaine" (specification 3 of Additional Charge III) was "an unreasonable multiplication of charges" proscribed by paragraph 26*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Morris*, 18 M.J. 450 (C.M.A.1984). To place this situation in perspective, we

conclude that this scheme of charging is like charging an accused in separate specifications with possessing each of two baggies of marihuana found at the same time and place—a scheme which we are confident contravenes the Manual's prohibition of "unreasonable multiplication of charges."

## III

We conclude that this multiplicity did not prejudice appellant as to sentence.

## IV

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 1 of the Charge and specification 3 of Additional Charge III. The findings of guilty thereon are set aside and those specifications are dismissed. In all other respects, the decision below is affirmed.

Judge FLETCHER did not participate.