**UNITED STATES, Appellee,**

v.

**Barry L. CHAMBERS, Specialist Four, U.S. Army, Appellant.**

No. 61,218.
CM 8800437.

U.S. Court of Military Appeals.

Sept. 28, 1989.

For Appellant: *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Thomas A. Sieg, Captain Gregory B. Upton* (on brief); *Major Kathleen A. VanderBoom.*

For Appellee: *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Karen V. Johnson, Captain Martin D. Carpenter* (on brief).

1. *See United States v. Grostefon,* 12 MJ 431 (CMA 1982).

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial with officers and enlisted members. Contrary to his pleas, he was convicted of rape, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920, and he was sentenced to 10 years' confinement, total forfeitures, and a dishonorable discharge. The sentence was approved by the convening authority, and the findings and sentence were affirmed by the Court of Military Review in a short-form opinion dated September 28, 1988.

When the petition for grant of review was submitted, defense counsel invited our attention to errors personally asserted by appellant.[1] Among other matters, he contended that the military judge erred by failing to grant a motion *in limine* to exclude certain testimony. After considering the record, we granted review and specified the following issues based on appellant's assertion:

I

WHETHER THE MILITARY JUDGE ERRED IN HIS RULING WHICH WOULD ALLOW IN REBUTTAL THE TESTIMONY OF A VICTIM OF AN ALLEGED PRIOR RAPE FOR WHICH APPELLANT WAS ACQUITTED.

II

WHETHER THE RULING DISCOURAGED APPELLANT'S TESTIMONY AND THEREBY ACTED AS AN IMPROPER IMPEDIMENT TO THE LAWFUL EXERCISE OF APPELLANT'S RIGHT TO TESTIFY IN HIS OWN DEFENSE.

In a written motion *in limine*, defense counsel sought to exclude the testimony of Mrs. M.[2] A previous court-martial had

2. *See* RCM 905(b)(3) and 906(b)(13), Manual for Courts–Martial, United States, 1984; *United*

tried and acquitted appellant of raping Mrs. M. After hearing Mrs. M's proposed testimony and considering arguments on the issue, the military judge ruled that he would not allow the Government to introduce the evidence in its "case-in-chief." He noted that, should appellant raise defenses in the nature of a lack of *mens rea*, mistake of fact, or consent, he believed the evidence would be extremely relevant. However, he also informed defense counsel that, if the situation arose, he would consider the matter afresh.[3]

Thereafter, defense counsel structured his case so as to imply that the victim had consented to intercourse with appellant. Although appellant elected not to take the stand, the Government renewed its request to present the testimony of Mrs. M in rebuttal. Again the military judge refused to permit her to testify.

*States v. Gamble,* 27 MJ 298, 306–07 (CMA 1988).

**3.** The military judge further announced that, if the evidence did come in, he would allow the defense to inform the members that appellant had been acquitted of the prior rape. *United States v. Cuellar,* 27 MJ 50, 56 (CMA 1988).

The ruling itself was contingent on developments at trial. In point of fact, Judge Noble continued to exclude the testimony notwithstanding appellant's attempt to show that the victim herein consented to a sexual liaison with him. None of the remaining conditions for the potential admissibility of the testimony arose. Therefore, we need not decide whether the military judge was in error in holding that it might be relevant under other circumstances.[4] Appellant has failed to demonstrate substantial prejudice from that decision. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

**4.** On the facts of this case, we need not determine the continued viability of *United States v. Cofield,* 11 MJ 422 (CMA 1981), in light of the Supreme Court's decision in *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). *See United States v. Gamble, supra.*