UNITED STATES, Appellee,

v.

Specialist Stephen C. BROOKINS,
Jr., 489–78–0151, United States
Army, Appellant.

ACMR 9002848.

U.S. Army Court of Military Review.

19 Sept. 1991.

Reconsideration Denied 10 Oct. 1991.

For Appellant: Captain James M. Heaton, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Thomas E. Booth, JAGC, Captain Timothy W. Lucas, JAGC, Captain Gregory T. Baldwin, JAGC (on brief).

Before FOREMAN, CREAN and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, in accordance with his pleas, of 45 specifications of bad checks and absence without leave (AWOL) in violation of Articles 134 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 886 (1982). The approved sentence provides for a bad-conduct discharge, reduction to Private E1, and a $1000.00 fine.

The case was submitted to this court on its merits. We ordered briefs on the following issues:

### I

WHETHER THERE IS A FACTUAL PREDICATE FOR BAD FAITH OR GROSS INDIFFERENCE ON THE PART OF THE APPELLANT SUFFICIENT TO SUPPORT HIS PLEAS OF GUILTY TO CHARGE I AND ITS SPECIFICATIONS.

### II

WHETHER THE COURT WHICH TRIED THE APPELLANT WAS PROPERLY CONSTITUTED IN THE ABSENCE OF ANY ORAL OR WRITTEN REQUEST FOR ENLISTED MEMBERS.

The court-martial convened on 5 October 1990, with Judge Thwing presiding. The appellant was arraigned and advised of his rights to counsel and forum rights; he deferred choice of forum and entry of pleas. The proceedings were then recessed at defense request until 25 October 1990, when the court-martial resumed with Judge Dale presiding.

Before Judge Dale, the appellant pleaded guilty to all charges and specifications. During the plea inquiry, the appellant told Judge Dale that he began writing worthless checks in December 1989, after maintaining his checking account for approximately two years without problems. The appellant stopped keeping a ledger of his account in early 1989. He did not receive any statements for his account after October 1989. The stipulation of fact reflects that the appellant wrote 45 checks totalling $3840.90 in just over two months, even though he knew that only about $1800.00 would be deposited in his account. He took no action to determine the status of his account until he was notified that his checks had been dishonored.

Concerned about the element of "dishonorable" conduct, the military judge inquired as follows:

MJ: Do you believe you had a grossly indifferent attitude toward the status of your bank account?

ACC: Yes, your Honor.

MJ: And why is that?

ACC: Because if I had kept a proper ledger, your Honor, I would have known exactly what was going on in the account—with the account. Because I

didn't, it was just, like I really didn't. I just really didn't care, I guess.

MJ: Well, you say, you guess. Is that true or not?

ACC: Yes, your Honor.

Judge Dale accepted the pleas of guilty and convicted the appellant in accordance with his pleas.

The appellant was sentenced by a court-martial composed of officer and enlisted members. The appellant did not submit a written request for enlisted members, nor did he make such a request on the record. The appellant's individual defense counsel conducted extensive voir dire and challenged five members, including two enlisted members, on grounds unrelated to the specified issue. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant has asserted that the military judge erred in denying the challenges for cause. At no time during the trial did the appellant contend that enlisted members should not have been detailed to his court-martial.

Government counsel have submitted affidavits from the individual civilian counsel, detailed military counsel, and a legal specialist in the staff judge advocate's office, all stating that the appellant desired trial by a panel of officer and enlisted members.

■ Turning first to the issue of the providency of the pleas, we hold that the plea inquiry was sufficient to establish a factual basis for the pleas of guilty. The appellant admitted writing a large number of checks in a short period of time for amounts well in excess of his capacity to pay them. *See United States v. Silas*, 31 M.J. 829, 830 (N.M.C.M.R.1990) (dishonorable conduct inferred from series of checks in excess of ability to pay). In addition, he admitted paying little or no attention to the status of his account for nearly a year. Lastly, he told the military judge, "I just really didn't care...." We find a sufficient factual basis in the record for gross indifference sufficient to constitute a dishonorable failure to maintain sufficient funds. *United States v. Savinovich*, 25 M.J. 905, 907–08 (A.C.M.R.1988). Accord-

ingly, we hold that the appellant's pleas of guilty were provident.

■ Turning next to the composition of the court-martial, we hold that the court-martial which sentenced the appellant was improperly constituted, making the sentencing proceedings and the sentence void. Article 25(c), Uniform Code of Military Justice, 10 U.S.C. 825(c) (1986), provides for enlisted membership on a court-martial "only if ... the accused personally has requested orally on the record or in writing" that the court-martial include enlisted members. Prior to the 1986 amendments to the Uniform Code of Military Justice, a written request for enlisted members was regarded as an indispensable jurisdictional prerequisite. *United States v. White*, 45 C.M.R. 357 (C.M.A.1972); *United States v. Dean*, 43 C.M.R. 52 (C.M.A.1970). A request for enlisted members submitted by counsel on behalf of an accused does not satisfy the jurisdictional requirement that the accused "personally" make the request. *United States v. Brandt*, 20 M.J. 74 (C.M.A.1985).

■ The record before us contains neither the written request or oral request "on the record" required by Article 25. Instead, we have only the post-trial affidavits of counsel and a legal specialist. Like our brothers on the Court of Military Appeals, we are disinclined to rely on an "eleventh hour affidavit" to save "an otherwise sinking record." *United States v. Perkinson*, 16 M.J. 400 (C.M.A.1983), and cases cited therein. Furthermore, even if we were to consider the post-trial affidavits, they fall short of the mark established in *Brandt*, not having been made "personally" by the appellant.

■ Our opinion should not be read as elevating the form of a personal request over the substance of the appellant's acquiescence by silence. On the contrary, what we do today is, instead, defer to the will of Congress. By insisting that military practitioners comply with the provisions of Article 25(c)(1), we apply the unequivocal command of a statute within a code, which Congress has revised twice since the Court of Military Appeals first interpreted it, in

light of its legislative history. When Article 25 was first enacted in 1950, Congress clearly intended that an accused who requests enlisted members "personally makes that choice and does the signing personally and doesn't delegate it to anyone else—counsel or otherwise." *United States v. White*, 45 C.M.R. at 361–62, quoting from the Hearings before House Armed Services Committee on H.R. 2498, 81st Congress, 1st Session, page 1147.

We are aware that the federal courts have construed the forum selection procedures in Federal Rule of Criminal Procedure 23 less stringently than we have construed Article 25(c), holding that an oral waiver of a jury trial is valid notwithstanding the rule's requirement for a written waiver. *See United States v. Dean*, 43 C.M.R. 52, 54 (C.M.A.1970), and cases cited therein. We have also considered cases in which a failure to object has been held sufficient to constitute a waiver of the requirement for twelve jurors, notwithstanding the requirement of Federal Rule of Criminal Procedure 23(b) for a written waiver of a full jury. *See, e.g., Horne v. United States*, 264 F.2d 40 (5th Cir.1959), *cert. denied*, 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959). *See generally* 93 ALR 2d 416 § 5. The Court of Military Appeals has long since rejected comparison of Article 25(c) to Federal Rule of Criminal Procedure 23, holding that,

> The cited cases are decisively different from the one now before us. Courts established under Article III of the Constitution are in existence and retain their jurisdiction, irrespective of whether a defendant waives his right to a trial by jury. But a military court's jurisdiction does not exist unless the court is created in accordance with the statute authorizing it.

*United States v. Dean*, 43 C.M.R. at 54.

Nineteen years have passed since the *White* decision and six years have passed since *Brandt*, yet the requirement for a personal request and the insistence upon it of *White* and *Brandt* remain undiminished. In fact, they have greater force. In 1986, Congress added the words "has requested orally on the record," but retained the requirement for a request made "personally" as well as the requirement that the request be memorialized prior to the assembly of the court. The only change was to authorize a less cumbersome alternative to a written request by allowing an oral request, made personally by the accused "on the record." National Defense Authorization Act for Fiscal Year 1987, Pub.L. 99–661, Div. A, Title VIII, Sec. 803(b), 100 Stat. 3906. The phrase "on the record," as it is used in Article 25(c), has not been further defined by the President, Congress, or the courts. A similar phase, applying to a waiver of jury in civil cases in Federal Rule of Civil Procedure 39(a) by "oral stipulation made in open court and entered in the record," has been interpreted broadly so as to encompass orders entered by the court and not objected to, statements by the judge on the record that are not objected to, and briefs arguing that the judge can decide certain matters. *Lovelace v. Dall*, 820 F.2d 223 (7th Cir.1987), and cases cited therein. Nevertheless, we believe that the legislative history of Article 25(c) compels the conclusion that Congress intended that a request for enlisted members be an affirmative statement made personally by the accused in open court, and not mere silent acquiescence in the proceedings.

Perhaps the time has come to change Article 25 again; perhaps not, because the reasons undergirding it, as reflected in the legislative history and repeated in *White* and *Brandt* may well be as valid in 1991 as in 1950. Accordingly, as before, "[t]he choice ... now is for Congress and not for this Court." *United States v. Brandt*, 20 M.J. at 77.

■ Because the jurisdictional defect in this case does not affect the authority of the military judge who convicted the appellant, we need not disturb the findings of guilty. *Asher v. United States*, 46 C.M.R. 6 (C.M.A.1972). In light of our holding that the sentencing proceedings were void, we need not address the remaining issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

The findings of guilty are affirmed. For the foregoing reasons, the sentencing proceedings and the sentence are invalid and the same are hereby declared void. Another sentencing proceeding in accordance with Rule for Courts–Martial 810 may be ordered by the same or a different convening authority.

Judge CREAN and Judge HAGAN concur.