UNITED STATES

v.

Charles W. COFFMAN, 527 71 9988 Aviation Maintenance Administrationman Third Class (E–4), U.S. Navy.

NMCM 92 0130.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 22 Oct. 1991.

Decided 3 June 1992.

LT James Douglas, JAGC, USNR, Appellate Defense Counsel.

LT Richard J. Huber, JAGC, USNR, Appellate Government Counsel.

Before FREYER, HOLDER and MOLLISON, JJ.

PER CURIAM:

Consistent with his pleas of guilty, the appellant was found guilty of two specifications of unauthorized absence, one specification of failing to obey a lawful order, and 18 specifications of making and uttering checks without sufficient funds in violation of Articles 86, 92, and 123a, respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 892, 923a. A military judge sitting alone as a special court-martial sentenced the appellant to be confined for 120 days, to forfeit $500.00 pay per month for four months, to be reduced to pay grade E–1, and to be discharged with a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority suspended confinement in excess of 75 days, but otherwise approved the sentence as adjudged. The appellant assigns two errors to his court-martial.[1] Both errors concern the qualifications of the military judge. In essence, appellant contends for the first time that his court-martial lacked jurisdiction: (1) because the military judge was not appointed in accordance with the Appointments Clause of the U.S. Constitution,[2] and (2) because the military judge

---

1. I. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *See Generally* U.S. Const. Art. II, § 2, cl. 2; *Freytag v. Commissioner of Internal Revenue,* —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. II. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUF-FICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. *But see United States v. Graf,* 32 M.J. 809 (N.M.C.M.R.1990), *petition granted,* 34 M.J. 169 (C.M.A.1991). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

2. U.S. Const. art. II, § 2, cl. 2.

was not appointed as a military judge for a fixed term, as required by the Due Process Clause of the Fifth Amendment to the U.S. Constitution. The second assignment of error was disposed of adversely to the appellant in *United States v. Graf,* 32 M.J. 809 (N.M.C.M.R 1990), *petition granted,* 34 M.J. 169 (C.M.A.1991), and it will not be discussed further.

Article II, Section 2, Clause 2 of the Constitution provides:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint ... Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law; but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

Assuming *arguendo* that this provision of the Constitution applies to military judges,[3] the fact is that all military judges must be commissioned officers of the armed forces of the United States and, as such, have by law already been *appointed* by the President. Art. 26(b), UCMJ, 10 U.S.C. § 826(b); 10 U.S.C. §§ 101(4), 101(15), 531, 593, 624, 5001(a)(6), 5912. Depending upon grade, component, and presence on the active-duty list, some of these commissioned officers by law must also have had their appointments confirmed by and with the advice and consent of the Senate. 10 U.S.C. §§ 531, 593, 624, 5912. All military judges must be lawyers. Art. 26(b), UCMJ; 10 U.S.C. § 826(b). The duties these commissioned officers are *detailed* to perform as military judges are within the sphere of their official duties and are germane to the office they already hold. A second appointment from the President to a commissioned officer to perform the duties of a military judge is simply not required. *Cf. Shoemaker v. United States,* 147 U.S. 282, 299–301, 13 S.Ct. 361, 390–391, 37 L.Ed. 170, 185 (1892) (Army officers (engineers) were

not required to obtain a second appointment to perform duties on a commission created by Congress to acquire lands for a park). Accordingly, we conclude the appellant's first assignment of error is also without merit.

The findings and sentence, as approved on review below, are affirmed.

---

**3.** Army chaplains are "inferior officers" within the meaning of the Appointment Clause. 10 Op.

Att'y Gen. 449 (1863).