UNITED STATES

v.

**Miguel A. BERLINGERI, 549 81 0966 Private (E-1), U.S. Marine Corps.**

**NMCM 92 0287.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 4 Dec. 1991.

Decided 28 Aug. 1992.

LCDR FRANK V. JENSEN, JAGC, USNR, Appellate Defense Counsel.

Maj G.S. WARNER, USMC, Appellate Defense Counsel.

LT KIRK LUDWIG, JAGC, USNR, Appellate Government Counsel.

LT T.S. SUSANIN, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

ORR, Senior Judge:

Consistent with his pleas, the appellant was convicted of one specification of conspiracy to commit housebreaking and larceny and six specifications of housebreaking with the intent to commit larceny in violation, respectively, of Articles 81 and 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 930. Before a military judge sitting alone, the appellant was sentenced to confinement for four months, forfeiture of $500.00 pay per month for four months, and a bad-conduct discharge. Under the terms of a pretrial agreement, the convening authority was to suspend all confinement in excess of 100 days for 12 months from the date of trial. Before this Court, the appellant assigns five errors.[1]

1. I. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION DUE TO THE DETAILING OF ENLISTED MEMBERS TO THE COURT WITHOUT A REQUEST FOR SUCH MEMBERS.

II. THE CONVENING AUTHORITY WAS INCORRECTLY ADVISED THAT APPELLANT WAS CONVICTED OF SIX SPECIFICATIONS OF CONSPIRACY IN VIOLATION OF UCMJ ARTICLE 81.

III. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. *But see United States v. Graf*, 32

Due to the number of errors in the post-trial processing of this case, of which the second and fifth assigned errors only touch upon two, and our decision that the convening authority and his legal officer should make a fresh attempt to take a legally sufficient action, we need not address the third and fourth assigned errors at this time.[2] Because the first assignment of error raises a jurisdictional issue concerning the convening of this court-martial in the first instance, we will initially address that assertion.

## Pretrial Processing

■ The convening authority referred the charges in this case to a court composed of two officers and three enlisted personnel.[3] The convening order and the referral were signed on the same day. There is no indication in the record of trial that the appellant ever made a request for enlisted members, but no members, officer or enlisted, actually served since the appellant requested trial by the military judge alone during the initial Article 39(a) session at the beginning of his trial. The appellant asserts that without such a request for enlisted members, the attempt to convene this court-martial was contrary to Article 25, UCMJ, 10 U.S.C. § 825, and was invalid. In support of this conclusion, the appellant cites *McClaughry v. Deming*, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902), and *United States v. White*, 21 U.S.C.M.A. 583, 45 C.M.R. 357, 1972 WL 14193 (1972).

Article 25 of the UCMJ provides, in relevant part:

(c)(1) Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, before the conclusion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, the accused personally has requested orally on the record or in writing that enlisted members serve on it....

. . . .

(e) Before a court-martial is assembled for the trial of a case, the convening authority may excuse a member of the court from participating in the case....

10 U.S.C. § 825 In the absence of any assertion that the three enlisted members were actually members of the same unit as the appellant, we think the language of the statute fails to support the appellant's contention because the statute plainly states that such members are *eligible* but shall only *serve* if requested.

In *McClaughry v. Deming*, the accused was an officer in the Volunteer Army who was tried and convicted by a court-martial composed entirely of members of the Regular Army A statute in effect at that time stated that officers of the Regular Army

M.J. 809 (N.M.C.M.R.1990), *petition granted*, 34 M.J. 169 (C.M.A.1991). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.
IV. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE, CERTIFIED PURSUANT TO ARTICLE 26(b), UCMJ, WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *Freytag v. Commissioner of Internal Revenue*, —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). *But see United States v. Coffman*, 35 M.J. 591, (N.M.C.M.R.1992) (per curiam).
V. THIS COURT LACKS JURISDICTION TO REVIEW THE RECORD OF TRIAL IN AP-

PELLANT'S CASE FORWARDED FOR REVIEW UNDER ARTICLE 64(a), UNIFORM CODE OF MILITARY JUSTICE BY THE STAFF JUDGE ADVOCATE, COMMANDER, NAVAL FORCES MARIANAS ISLANDS. *See, United States v. Reilly*, NMCM 90 3481R (N.M.C.M.R. 15 August 1991).

**2.** These assignments of error are contrary to our decisions in *United States v. Graf*, 32 M.J. 809 (N.M.C.M.R.1990), *petition granted*, 34 M.J. 169 (C.M.A.1991), and *United States v. Coffman*, 35 M.J. 591, (N.M.C.M.R.1992) (per curiam).

**3.** Neither in the convening order nor elsewhere in the record is there any indication whether the three enlisted members are from the same command as the appellant or a different command.

were not "competent to sit on courts-martial to try" officers of other forces. Despite the fact that Deming expressly stated at the time of trial that he had no objection to the membership of the court, the U.S. Supreme Court found that the Volunteer Army was another force within the meaning of the statute and stated:

> [T]he court-martial that has jurisdiction over any offense must, in the first place, be legally created and convened.... The court has no continuous existence, but under the provisions of the statute it is called into being by the proper officer, who constitutes the court itself by the very act of appointing its members; and when in appointing such members he violates the statute, as in this case, by appointing men to compose the court that the statute says he shall not appoint, the body thus convened is not a legal court-martial, and has no jurisdiction over either the subject-matter of the charges against a volunteer officer or over the person of such officer....

186 U.S. at 64–65, 22 S.Ct. at 792–93.

In *United States v. White,* the U.S. Court of Military Appeals considered an earlier version of Article 25 which was essentially identical to the current version except the request for enlisted members had to be in writing vice being either written or oral. White made only a verbal request for enlisted members and, consistent with his verbal request, was actually tried and convicted by a panel that included enlisted members. In overturning White's conviction and after quoting the "shall serve" language from Article 25, the Court stated:

> The option [to request enlisted members] is a right of the defendant and a convening authority is without power to designate enlisted members to sit, absent the *personal written request of the accused.* Not even the accused's counsel may act for him. Manifestly, Congress intended that the accused's personal written request be an indispensable prerequisite to an enlisted man's membership on a particular court. No other interpretation of the clear statutory language is reasonable.

21 U.S.C.M.A. at 588, 45 C.M.R. at 362. After stating that White's situation was like that in *McClaughry v. Deming,* the Court went on to say:

> [T]he attempt at the creation of a court failed because such attempt was a plain violation of the statute. The enlisted membership of this court could have been validly appointed only if the accused had personally requested their presence in writing. Since he did not, the convening authority was without statutory authority to designate them as members. In such circumstances, the court was without jurisdiction to proceed....

21 U.S.C.M.A. at 589, 42 C.M.R. at 363 (emphasis and citations omitted). While this broad ("is without the power to designate" and "could have been validly appointed only if") language would seem to extend beyond the facts of *White* to encompass the situation of the appellant, there have been subsequent decisions by the Army Court of Military Review and by the Court of Military Appeals, itself, that indicate otherwise.

Shortly after *White* was decided, the Army Court of Military Review considered a case where the accused was arraigned, entered pleas, and was found guilty in accordance with his pleas by a military judge after charges were re-referred to a court of officer and enlisted members based upon a written request signed only by the accused's defense counsel. *United States v. Dauphine,* 46 C.M.R. 862 (A.C.M.R.1972). The members were then assembled for the purposes of determining the sentence only, and the Army Court held that, although the court-martial lacked the power to determine the sentence because the accused had not personally made the request for enlisted members, the court-martial was not void *ab initio* and the convening authority could approve the findings. Despite the broad language of *United States v. White,* noted above, the Army Court found that the subject of Article 25 is the *service* of enlisted members and that service is not performed prior to assembly. In fact, the Army Court noted that, under the language of the statute and the applicable provision of the 1969

(Revised) edition of the M.C.M., an accused could have: (1) made a timely personal request for enlisted members at any Article 39(a) session until the court was assembled; (2) done nothing and been tried by a court of officer members so long as the enlisted members were excused prior to assembly; or (3) elected trial before military judge alone. 46 C.M.R. at 864.

Two weeks after the Army decision in *Dauphine* was issued, the Court of Military Appeals issued its opinion in *Asher v. United States*, 22 U.S.C.M.A. 6, 46 C.M.R. 6 (1972), which also involved the entry of a guilty plea before a military judge and the assembly of members for the purpose of determining the sentence only. Consistent with the Army Court's approach to the same fact situation and citing but distinguishing its earlier opinion in *White*, the Court of Military Appeals only set aside the sentence and did not disturb the findings. 22 U.S.C.M.A. at 7, 46 C.M.R. at 7.

A similar result was reached 5 years later in *United States v. Landrum*, 3 M.J. 160 (C.M.A.1977) (mem.), where the Court first articulated the distinction we find crucial to the determination of the case now before us: "A written request for enlisted personnel is a jurisdictional prerequisite to their service, ... [citing *White*], but none was provided. Since there was a guilty plea, however, only the sentence is a nullity.... [citing *Asher*]." *Id.*

The issue was re-visited by the Army Court of Military Review in *United States v. Robertson*, 7 M.J. 507 (A.C.M.R.) (per curiam), *petition denied*, 7 M.J. 137 (C.M.A.1979), where the charges against Robertson were referred to a court composed of both officer and enlisted members and, although Robertson ultimately requested enlisted members, he did not do so until 12 days after the referral. Without any reference to either *Asher* or *Landrum*, the Army Court again identified the *service* of enlisted members as the crucial factor, and stated:

> We do not believe ... that *White* requires a written request before an enlisted member can be appointed to a court-martial.... The one common factor in

all of the cases relied upon by appellant [in arguing that his court-martial lacked jurisdiction] is that the accuseds were tried and convicted by members (or by a military judge alone ...) who *served* contrary to the provisions of a statute....

7 M.J. at 510 (emphasis added).

More recently, the Army Court again upheld findings that had been entered by a military judge pursuant to the accused's guilty pleas but voided the sentencing proceeding that had been held before a court composed of officer and enlisted members because the record contained neither a written nor an oral request from the accused for enlisted members. *United States v. Brookins*, 33 M.J. 793 (A.C.M.R. 1991).

In 1985, the Court of Military Appeals examined its earlier decision in *White* and overturned the conviction of an accused who had been tried in a contested case by a court with enlisted members because the only request for such members had been submitted by the accused's civilian defense counsel. *United States v. Brandt*, 20 M.J. 74 (C.M.A.1985). In summarizing its earlier decision in *White*, the Court emphasized the personal nature of the right to request enlisted members and characterized the portion of *White*, quoted above, where the Court had literally underscored the "personal written request of the accused," as the holding of that case. 20 M.J. at 76. The Court then mentioned several decisions that had reaffirmed the position taken in *White*: *Asher*; *Landrum*; *Gallagher v. United States*, 22 U.S.C.M.A. 191, 46 C.M.R. 191, 1973 WL 14479 (1973); and *United States v. Warren*, 50 C.M.R. 357, 1975 WL 15623 (A.C.M.R.1975).

Despite this grouping, we think the decisions in *Asher, Landrum, Dauphine, Robertson,* and *Brookins* illustrate that the jurisdictional issue addressed by the Court of Military Appeals in *White* and *Brandt* arises only when enlisted members *actually serve* during the court-martial and the accused has not made a personal request for such members. If enlisted members never serve and the composition of the court is otherwise resolved in the manner

outlined in Article 25, no jurisdictional error has occurred when charges are referred to a court that includes enlisted personnel. The latter situation was not contemplated when *McClaughry v. Deming* was resolved by the U.S. Supreme Court, nor does it appear to have been considered when *White* was decided.

### Post-trial Processing

■ Turning to the questions raised by the appellant's second and fifth assignments of error, we note the following errors and irregularities in the post-trial handling of this case:

—The legal officer's recommendation misstates the military judge's findings concerning the six conspiracy specifications on which the appellant was arraigned by failing to state that the military judge: (1) determined during the providence inquiry that there was a single conspiracy; (2) consolidated the specifications into a single specification under Charge I; and (3) dismissed Specifications 2–6 of that Charge.

—The same error concerning the dismissal of Specifications 2–6 of Charge I is repeated in the promulgating order.

—The legal officer's recommendation correctly recites the action to be taken by the convening authority under the terms of the pretrial agreement (to suspend all confinement over 100 days) as required by R.C.M. 1106(d)(3)(D) but concludes by recommending approval of the sentence as adjudged without mentioning how execution of the sentence should be carried out in light of the agreement.

—A copy of the legal officer's recommendation, which is dated 30 December 1991, was served on the defense counsel, but the date of service is unknown because the receipt is undated.

—Even if it is assumed the defense counsel received the copy of the recommendation on the day the recommendation was signed, the convening authority's action was originally dated 6 January 1992, less than 10 days after the date of the legal officer's recommendation, but the "6" has been lined through and the number "9" written in ink above the crossed-out six.

Although initials have been written in the margin of this change, those initials do not appear to be those of the convening authority but those of the legal officer. Whether the legal officer may have made that change either before or after the action was signed is not apparent.

—Although R.C.M. 1114(c)(2) states that the promulgating order shall bear the same date as the convening authority's action, the order is dated 16 January 1992.

—In his action, the convening authority purports to order the execution of the entire sentence, including the bad-conduct discharge, contrary to R.C.M. 1113(c)(1) and R.C.M. 1209(a).

—In his action, the convening authority fails to direct credit awarded by the military judge for illegal pretrial confinement as required by R.C.M. 1107(f)(4)(F).

—In his action, the convening authority purports to have "carefully considered" matters submitted pursuant to R.C.M. 1105 and R.C.M. 1106, but no such matters are attached to the record of trial and there is no other indication that any such matters were ever submitted.

—By approving the sentence as adjudged and ordering it executed, the convening authority also failed to act in accordance with the terms of the pretrial agreement, which required the convening authority to suspend all confinement in excess of 100 days. (Appellate defense counsel concedes that the appellant was actually released from confinement in a timely manner and suffered no prejudice as a result of this error.)

—The convening authority's action purports to forward the record of trial to the staff judge advocate for the area coordinator, an officer exercising general court-martial jurisdiction, under Article 64(a), UCMJ, 10 U.S.C. § 864(a), vice forwarding the record to the Judge Advocate General for review by this Court under Article 66, UCMJ, 10 U.S.C. § 866.

—The promulgating order recites the first paragraph of the convening authority's action verbatim but fails to provide

any other summary of the remainder of the action as required by R.C.M. 1114(c)(1).

—The promulgating order fails to indicate any distribution, much less the distribution required by the regulations of the Secretary of the Navy as specified in R.C.M. 1114(f). The applicable regulations are in Chapter 1 of the Manual of the Judge Advocate General of the Navy, JAG-INST 5800.7C of 3 October 1990, section 0155.

We do not hold that any one these errors or any particular combination of them necessarily prejudiced the appellant. We do find, however, that the number and nature of them necessitate a new and better effort in the post-trial disposition of this case.

Accordingly, the action of the convening authority, dated 9 January 1992, is set aside. The record of trial will be returned to the Judge Advocate General for a new recommendation by a staff judge advocate or legal officer and a new action by the same [4] or a different convening authority in accordance with Article 60(c)–(e), UCMJ, 10 U.S.C. § 860(c)–(e).

Senior Judge STRICKLAND concurs.

Chief Judge WILLEVER (absent).

---

4. If the record is returned to the original convening authority, it is recommended that he seek the assistance of the Naval Legal Service Office in Guam for the preparation of the post-trial recommendation and his action.