**UNITED STATES**

v.

**Peter RUSINSKAS, 321 46 9387 Mess Management Specialist Second Class (E–5), U.S. Navy.**

**NMCM 91 2159.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 6 April 1991.

Decided 18 Sept. 1992.

LT JAMES R. CRISFIELD, JR., JAGC, USNR, Appellate Defense Counsel.

LT DWIGHT N. MERSEREAU, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

ORR, Senior Judge:

Before a panel of officer members and contrary to his pleas, the appellant was convicted of six specifications of larceny and 44 specifications of drawing worthless checks, in violation of Articles 121 and 123a, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923a. He was sentenced to confinement for one year, reduction to pay grade E–1, and to a bad-conduct discharge. The convening authority approved the findings and sentence as adjudged and forwarded the record of trial for this Court's review under Article 66, UCMJ, 10 U.S.C. § 866. Before this Court, the appellant has raised six assignments of error.[1]

1. I. THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTION *IN LIMINE* TO PREVENT THE INTRODUCTION OF EVIDENCE OF APPELLANT'S PRIOR STATE CONVICTION.

II. THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTION *IN LIMINE* TO SUPPRESS STATEMENTS CONCERNING PRIOR DRUG USE MADE BY APPELLANT TO AN NIS SPECIAL AGENT.

III. THE GOVERNMENT FAILED TO PROVE THAT APPELLANT HAD THE INTENT TO STEAL OR DEFRAUD. [Footnote omitted.]

IV. A BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE UNDER THE CIRCUMSTANCES OF THIS CASE. [Footnote omitted.]

V. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS

First, he contends that the military judge erred by denying his motion *in limine* to prohibit the Government from introducing evidence of a prior state court conviction to impeach his anticipated testimony on the merits. Following his unsuccessful attempt to prevent the introduction into evidence of a record of his 1980 Florida conviction for burglary,[2] the accused elected not to testify.

In *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the U.S. Supreme Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." 469 U.S. at 43, 105 S.Ct. at 464. Prior to *Luce,* the U.S. Court of Military Appeals had held that an accused's failure to testify would *not* bar him from appealing an order denying a motion *in limine* to prohibit the introduction of evidence of a prior conviction under Mil. R.Evid. 609(a)(1). *United States v. Cofield,* 11 M.J. 422 (C.M.A.1981).

Following the *Luce* decision, the Court of Military Appeals re-visited this issue in four decisions of significance to the case now before us. In the first of these decisions the Court made no reference to *Cofield.* After noting that the trial judge had refused to permit the accused to introduce extrinsic evidence of prior sexual intercourse to impeach the testimony of a sexual assault victim, the Court cited *Luce* in holding "that the subsequent conduct by defense counsel under the peculiar circumstances of this case waived or rendered harmless any error of the trial judge in these rulings." *United States v. Welch,* 25 M.J. 23, 26 (C.M.A.1987).

CLAUSE. *But see United States v. Graf,* 32 M.J. 809 (N.M.C.M.R.1990), *petition granted,* 34 M.J. 169 (C.M.A.1991). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. VI. THE GENERAL COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

Subsequently, in *United States v. Gamble,* 27 M.J. 298 (C.M.A.1988), the Court first acknowledged the apparent conflict between its decision in *Cofield* and the Supreme Court's opinion in *Luce,* holding:

[E]ven if contrary to our decision in *Cofield,* this decision by the Supreme Court apparently was intended to be quite limited in scope.... Thus, we doubt that the Supreme Court has limited reviewability of a trial court's ruling on a motion *in limine* made with respect to evidence that the Government intended to offer under Fed.R.Evid. 404(b).

27 M.J. at 307 (citation omitted).

A year later, in *United States v. Chambers,* 29 M.J. 76 (C.M.A.1989), the Court again made only a passing reference to the conflict between *Cofield* and *Luce,* merely commenting in a footnote: "On the facts of this case, we need not determine the continued viability of *United States v. Cofield* ... in light of the Supreme Court's decision in *Luce v. United States....*" 29 M.J. at 77 n. 4 (citations omitted).

Then in *United States v. Sutton,* 31 M.J. 11 (C.M.A.1990), after acknowledging that its decisions in *Gamble, Chambers,* and *Welch* had "sent mixed signals" on the resolution of the apparent conflict between *Cofield* and *Luce,* the Court held that for cases tried after the date of the *Sutton* opinion, the reviewability of *in limine* rulings in courts-martial would be controlled by *Luce* and by future decisions of the Supreme Court.[3] 31 M.J. at 17–18.

The appellant in this case was tried in April 1991, which was over six months after the decision in *Sutton.* Accordingly, his failure to testify following his unsuc-

2. A record of the conviction was ultimately admitted in evidence during the sentencing portion of the trial as Prosecution Exhibit 63. Record at 388.

3. The Court in *Sutton* held that "[b]ecause appellant and his counsel reasonably relied on *Cofield* and the Rules for Courts–Martial, it would be unfair ... to refuse to review the military judge's *in limine* ruling in this case." 31 M.J. at 17.

cessful motion *in limine* amounted to a waiver of his right to complain of any error on the part of the military judge on this issue.

■ The appellant also claims in his second assignment of error that the military judge erred in denying another motion *in limine* to suppress evidence of uncharged misconduct under Mil.R.Evid. 404(b). The appellant was interrogated twice by an agent of the Naval Investigative Service (NIS) concerning the offenses with which he was ultimately charged. During the course of these interrogations, the appellant admitted that his financial problems were due to his involvement with drugs, alcohol and gambling. No drug related charges, however, were brought against the appellant, but the NIS agent who interrogated him was permitted to testify as to the uncharged misconduct, notwithstanding the appellant's motion *in limine* to prohibit its introduction.

Mil.R.Evid. 404(b) prohibits the introduction of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that the person acted in conformity therewith. The rule allows introduction of such evidence, however, if relevant to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Here, the Government argued that it sought to introduce the evidence of the appellant's drug use for the limited purpose of establishing a "motive" on the part of the appellant in fraudulently drawing 44 worthless checks totalling $4,334.00 within less than a month's time and in stealing money from the Navy Exchange and Moral, Welfare and Recreation.

The Court of Military Appeals has articulated a three-part test for admissibility of evidence of uncharged misconduct under Mil.R.Evid. 404(b). First, does the evidence tend to prove that the accused committed the prior act? Second, what fact in consequence is made more or less probable by the existence of the evidence? Third, is the probative value substantially outweighed by the danger of unfair prejudice? *United States v. Reynolds*, 29 M.J. 105, 109 (C.M.A.1989). Appellant has conceded that the first part of the test was met in this case but argues that the second part was not met because the Government did not establish with what frequency he used drugs. He contends this was necessary in order to show motive. The appellant further asserts that in the absence of evidence of the frequency or amount of drug usage, the introduction of the prior misconduct amounted to an unfair attack on his character, the prejudicial nature of which substantially outweighed the probative value of the evidence.

" 'Relevant evidence' is evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Mil.R.Evid. 401. Under the facts of this case, evidence that the appellant's financial problems stemmed from drug use which occurred concurrently with the charged offenses was relevant to the issue of motive.[4] *Cf. United States v. Thompson*, 30 M.J. 99 (C.M.A.1990) (evidence of indebtedness caused by gambling and extra-marital affair and of inability to pay mortgage more than a year before worthless checks were issued was not admissible to show motive because too remote in time to have substantial probative value); *United States v. McIntosh*, 27 M.J. 204 (C.M.A. 1988) (although trial judge should have advised members of limited purpose of evidence of accused's bad debts in prosecution for graft, evidence of nonpayment was admissible to show that accused needed to raise money to forestall adverse career consequences). While it is true that the evidence was "prejudicial" to the "liberty interests" of the appellant, in that the introduction of the evidence strengthened the Government's case by showing that the appellant had a motive for committing the

---

**4.** Although not argued by the Government, a further justification for the admission of the challenged evidence with respect to the worthless check charges would have been "absence of mistake or accident," which constitutes matter relevant to the appellant's denial of the element of *scienter* as to those charges. *See* Mil.R.Evid. 404(b).

offenses, there was no "unfair prejudice" in admitting the evidence, especially in light of the military judge's instructions to the members at the close of all the evidence.[5]

As to the appellant's third assignment of error, we are convinced beyond a reasonable doubt of the appellant's guilt of the offenses of which he stands convicted. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). Likewise, as to the fourth assigned error, we find that a bad-conduct discharge is an appropriate punishment under the circumstances of this case. Article 66(c), UCMJ; *United States v. Turner*, 30 M.J. 1276 (N.M.C.M.R.1990).

The appellant's fifth and sixth assignments of error are also without merit. *See*

*United States v. Graf*, 32 M.J. 809 (N.M.C.M.R.1990), *petition granted*, 34 M.J. 169 (C.M.A.1991); *United States v. Coffman*, 35 M.J. 591 (N.M.C.M.R.1992) (per curiam).

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.

---

5. The military judge properly instructed the members as follows:

Evidence that the accused was involved in illegal drug activity, specifically, that while being interrogated by ... [an NIS agent], he said that all his financial problems were due to drugs, and that drugs, in part, were responsible for his current financial problems, and evidence that ... [the NIS agent] said that one of the drugs they specifically discussed was heroin, may be considered by you for the limited purpose of its tendency to, if any, show the motive of the accused to steal ... [the victim's] starter checks, and motive to write worthless checks, with the intent to defraud. I would emphasize to you that you may not consider the evidence I've just discussed for any other purpose, and you may not conclude from this evidence that the accused is a bad person, or has criminal tendencies, and that he, therefore, because of that, committed the offenses charged.... Record at 378–379.