**UNITED STATES**

v.

**Matthew T. SCHIFTIC, 109 50 0091 Aviation Electronics Technician Airman (E–3), U.S. Navy.**

**NMCM 92 2351.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 30 June 1992.

Decided 26 March 1993.

LT James R. Crisfield, Jr., JAGC, USNR, Appellate Defense Counsel.

LT Mary Grace Manion, JAGC, USNR, Appellate Government Counsel.

Before LARSON, C.J., and R. STRICKLAND and ORR, Senior Judges.

ORR, Senior Judge:

Consistent with his pleas, the appellant was convicted of four drug offenses in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. He pled not guilty to two other drug offenses under the same statutory provision, and while the Government ultimately withdrew one, he was convicted of the other. The military judge, sitting alone, sentenced him to confinement for 5 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged and forwarded the record of trial for review by this Court under Article 66, UCMJ, 10 U.S.C. § 866. Before us, the appellant has assigned four errors.[1]

The first of these alleged errors concerns the failure of the staff judge advocate (SJA) to advise the convening authority of the military judge's multiplicity for findings and sentence determinations involving three of the four drug offenses to which the appellant pled guilty. Of the three, one specification charged the appellant with introducing 50 squares of LSD onto Naval Air Station North Island with the intent to distribute them, a second specification charged the appellant with distributing 50 squares of LSD at or near San Diego, California, and a third specification charged the appellant with possessing 15 squares of LSD at or near San Diego.[2] All three offenses were alleged to have occurred on the same date.

During the providence inquiry, the appellant stated that he brought 65 squares of LSD onboard the air station at the same time with the intention of distributing 50 of them and keeping 15 for his own use. He also admitted actually distributing the 50, and from testimony taken on the defense's multiplicity motion, the 15 were subsequently found in his locker in his barracks room as part of a command-authorized search[3] at the same time the appellant was being questioned by an agent of the Naval Investigative Service (NIS). In the sworn statement the appellant signed during that interrogation, Prosecution Exhibit (PE) 12, he admitted buying 50 "hits" of LSD for $50.00 for another sailor that same morning in an area off-base, bringing the 50 hits to his room in the barracks, and selling

---

1. I. THE CONVENING AUTHORITY TOOK HIS ACTION PURSUANT TO ERRONEOUS INFORMATION IN THE STAFF JUDGE ADVOCATE'S RECOMMENDATION.

II. APPELLANT'S SENTENCE TO CONFINEMENT FOR FIVE YEARS IS INAPPROPRIATELY SEVERE UNDER THE CIRCUMSTANCES OF THIS CASE. [Footnote omitted.]

III. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. *But see United States v. Graf,* 35 M.J. 450 (C.M.A.1992). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

IV. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *See generally* U.S. Const. Art. II, § 2, cl. 2; *Freytag v. Commissioner of Internal Revenue,* —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991); *but see United States v. Coffman,* 35 M.J. 591 (N.M.C.M.R.1992). BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. [Footnote omitted.]

2. The possession offense was originally charged as possession with the intent to distribute, but the appellant pled guilty to the lesser included offense and the Government offered no evidence on the greater offense.

3. The NIS agent conducting the search testified he actually found 15 and a half squares. Record at 74.

them for $100.00 when the other sailor came by the appellant's room a few hours later. The NIS agent who conducted the interrogation testified that this information was given in response to him asking the appellant how many "hits of acid" had the appellant bought and where he got them. Record at 72. The NIS agent also testified that although the appellant also told him that more LSD would be found in the search of his room and where in the room it would be found, that information was not included in the appellant's statement. The appellant, on the other hand, testified that, contrary to his sworn statement to the NIS agent, he actually purchased 65 hits of LSD for the $50.00 he paid that morning and that the 65 hits were in a single sheet from which he cut the 15 hits or squares from the remaining 50 when he returned to his room.[4] The appellant stated he then put the 15 hits in his locker for his personal use and the other 50 in a dresser drawer for the later distribution. Record at 77–78.

Based upon this evidence, the military judge found the introduction of the 50 squares with the intent to distribute them multiplicious for findings with the distribution offense, and he dismissed the former specification. The military judge also found the distribution of the 50 squares multiplicious for sentence with the possession of the 15 squares. In his post-trial recommendation, the staff judge advocate (SJA) failed to advise the convening authority of either of these rulings or otherwise note the dismissal of the introduction specification. The appellant's trial defense counsel neither commented on the lack of any reference to the multiplicity determinations nor otherwise objected to the listing of the introduction specification as an existing offense. That specification also appears in the promulgating order with no indication that it was dismissed, only that the appellant pled guilty and was found guilty of that offense, which is an accurate representation of the record until the mili-

tary judge made his multiplicity determinations.

In this context, the issue presented by the appellant's first assignment of error raises three questions with two different possible applications. The first application is to the multiplicity for findings determination, and the three questions are: (1) Did the SJA err by failing to advise the convening authority of that determination and of the dismissal of the introduction specification? (2) If so, was the error waived by the trial defense counsel's failure to comment on the error? (3) If the error was not waived, was the appellant prejudiced by the error?

As to the first question, Rule for Courts–Martial (R.C.M.) 1106(d)(3) requires that an SJA's or legal officer's post-trial recommendation include "[t]he findings and sentence adjudged by the court-martial...." To advise the convening authority that an accused was found guilty of an offense that was actually dismissed at trial is not an accurate representation of the findings of the court. Consequently, we conclude that the SJA's failure to do so here was error.

As to the second question, the defense counsel's failure to comment on the recommendation waives a subsequent claim of error in the absence of plain error. Article 60(d), UCMJ, 10 U.S.C. § 860(d); R.C.M. 1106(f)(6). Applying the three factors suggested in *United States v. Lowry*, 33 M.J. 1035 (N.M.C.M.R.1991), for determining whether an error in a post-trial recommendation constitutes plain error, we find that the error here was an affirmative misstatement, that in the context of this case the error was material and substantial, and that there is a reasonable likelihood that the convening authority may have been misled by the error, particularly since the distribution specification did not indicate that the distribution took place on board

---

**4.** The appellant described the 65 hits by saying: "The major portion was in a square and there was 15 hits off to the side." Record at 77. Subsequently, the appellant testified: "Fifty hits

were five by five and then there was a row of five and another five and another five all attached to the fifty hits." Record at 78.

the air station where the introduction occurred.[5]

As to the third question, however, we find no prejudice to the appellant because the amount of confinement adjudged and approved was only a fraction of the maximum sentence, whether calculated with or without the dismissed specification, and the maximum could not have been a significant factor in the convening authority's approval of the sentence. The fact that the military judge dismissed the specification on multiplicity grounds does not alter the underlying facts of the appellant's misbehavior, which the convening authority may properly consider.

■ Turning to the second application of our three questions in the context of the military judge's multiplicity for sentence determination, we ask: (1) Did the SJA err by failing to advise the convening authority that the military judge found the distribution of 50 squares of LSD multiplicious for sentence with the possession of the 15 squares? (2) If so, was the error waived by the trial defense counsel's failure to comment on the error? (3) If the error was not waived, was the appellant prejudiced by the error?

As to the first question, the Court of Military Appeals has recently held that "information concerning such a ruling [the trial judge's statement that he was merging offenses for sentencing purposes] should be included in a staff judge advocate's post-trial recommendation." *United States v. Beaudin,* 35 M.J. 385, 388 (C.M.A. 1992). Consequently, it was error for the SJA in the case before us to omit such advice from his post-trial recommendation.

Applying *Lowry* to the second question and in light of the maximum sentence with and without reference to the multiplicity determination and the sentence actually adjudged, we conclude that the SJA's omission was not material or substantial even if the convening authority may have been misled concerning the maximum punishment the court-martial could have adjudged.

■ In our preceding analysis of the appellant's first assigned error, we have accepted the military judge's multiplicity determinations as the law of the case, as the convening authority and his SJA were required to do. *United States v. Strand,* 6 C.M.A. 297, 306–07, 20 C.M.R. 13, 22–23 (1955); *see also United States v. Richardson,* 2 M.J. 436 (A.C.M.R.1975). We must state, however, that we find both of those determinations to have been in error. That is, the introduction of drugs onto a military installation with the intent to distribute those drugs is not multiplicious for findings with the ultimate distribution of the same drugs. *United States v. Decker,* 19 M.J. 351 (C.M.A.1985); *United States v. White,* 22 M.J. 631 (N.M.C.M.R.1986); *contra United States v. Wheatcraft,* 23 M.J. 687 (A.F.C.M.R.1986).[6] As to the sentencing multiplicity determination, although the military judge did not make specific findings of fact on which he based his ruling, we find the appellant's testimony that he purchased 65 squares of LSD for the same price he previously swore he spent for 50 squares to be incredible and his description of how the 65 squares were packaged to be implausible. Consequently, we conclude that the precedent holding that the sale or attempted sale of a controlled substance

. Although the SJA's recommendation did not include any reference to either the place where the offenses occurred or the quantity of the drugs involved, we assume the convening authority was aware of that information from the contents of the charge sheet he referred to trial.

. We are not persuaded by *Wheatcraft* that introduction of a controlled substance with the intent to distribute and the subsequent distribution of the same substance are multiplicious for findings. The precedent cited by the Air Force Court for this conclusion, *United States v. Brown,* 19 M.J. 63 (C.M.A.1984), concerned *pos-*

*session* with the intent to distribute as a lesser included offense of the actual distribution. *Accord United States v. Muller,* 21 M.J. 205 (C.M.A. 1986); *United States v. Jennings,* 20 M.J. 223 (C.M.A.1985); *cf. United States v. Decker,* 19 M.J. 351 (C.M.A.1985) (introduction and possession are multiplicious for findings, but introduction is not multiplicious with sale or transfer); *United States v. Cowdrey,* 16 M.J. 450 (C.M.A. 1983) (mem.) (possession with the intent to distribute and introduction for the purpose of transfer are multiplicious for findings).

and the possession of some remaining quantum of the same illegal substance are multiplicious for sentencing is not applicable to this case, *see United States v. Irving,* 3 M.J. 6 (C.M.A.1977); *United States v. Smith,* 1 M.J. 260 (C.M.A.1976), because we find the 15 squares of LSD found in the appellant's room were not part of the same quantum of LSD from which the appellant had earlier distributed 50 squares.

■ As to the appellant's second assigned error, we find confinement for five years to be an appropriate part of the appellant's punishment under the circumstances of this case.

The appellant's third and fourth assignments of error are also without merit. *See United States v. Graf,* 35 M.J. 450 (C.M.A. 1992); *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992); *United States v. Coffman,* 35 M.J. 591 (N.M.C.M.R.1992) (per curiam).

Accordingly, the findings and sentence, as approved on review below, are affirmed. The issuance of a corrected court-martial promulgating order, reflecting the dismissal of the specification concerning the introduction of LSD with the intent to distribute, is necessary and is hereby ordered.

Chief Judge LARSON and Senior Judge STRICKLAND concur.